533 S.E.2d 43

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Steven NETT, Defendant Below, Appellant.**

**No. 26963.**

Supreme Court of Appeals of West Virginia.

Submitted April 11, 2000.

Decided June 14, 2000.

Dissenting Opinion of Chief Justice Maynard June 28, 2000.

---

411

---

Heather A. Wood, Public Defender, Wheeling, West Virginia, Attorney for the Appellant.

Darrell V. McGraw, Jr., Attorney General, Allen H. Loughry, II, Assistant Attorney General, Charleston, West Virginia, Attorney for the Appellee.

PER CURIAM:

Steven Nett, appellant/defendant (hereinafter referred to as "Mr. Nett"), appeals his conviction and sentence for third offense driving under the influence of alcohol. The Circuit Court of Ohio County sentenced Mr. Nett to one (1) to three (3) years in the state penitentiary. Mr. Nett has assigned as error the trial court's refusal to strike two potential jurors for cause.[1] The State has confessed error as to the circuit court's failure to strike one of the potential jurors. After reviewing the parties' briefs and considering the record and arguments in the case, and without being bound by the State's confessed error, we conclude that the circuit court erred by its failure to strike one of the potential jurors. Therefore, we reverse the Circuit Court of Ohio County and remand this case for a new trial.

## I.

## FACTUAL AND PROCEDURAL HISTORY

On June 30, 1998, Wheeling Police officers Flannigan and Kozik were driving in their patrol car when they observed a Subaru swerving onto and off of the street. The officers followed the car to a nearby parking lot and confronted the driver, Mr. Nett.[2] The officers detected an odor of alcohol on Mr. Nett. His speech was slurred and his eyes were bloodshot. When asked to take a field sobriety test, Mr. Nett refused. The officers arrested him for driving under the influence of alcohol. When the officers arrived at police headquarters, Mr. Nett refused to take a breath test.

Subsequent to Mr. Nett's arrest, a felony indictment was returned against him charging one count of driving under the influence of alcohol, third offense, in violation of W. Va.Code § 17C–5–2. During voir dire of the prospective jurors, Mr. Nett moved the trial court to strike for cause jurors Denmon and Melko. The trial court denied the motions. Mr. Nett subsequently used his peremptory

strikes to remove both jurors. The jury ultimately convicted Mr. Nett of a third offense DUI. The trial court sentenced Mr. Nett to one (1) to three (3) years imprisonment. It is from this conviction that Mr. Nett now appeals.

## II.

## STANDARD OF REVIEW

■ In this appeal we are required to determine whether the trial court committed error in refusing Mr. Nett's motions to strike for cause two potential jurors. The standard of review for this issue was articulated in *State v. Miller,* 197 W.Va. 588, 600–01, 476 S.E.2d 535, 547–48 (1996), wherein we held:

In reviewing the qualifications of a jury to serve in a criminal case, we follow a three-step process. Our review is plenary as to legal questions such as the statutory qualifications for jurors; clearly erroneous as to whether the facts support the grounds relied upon for disqualification; and an abuse of discretion as to the reasonableness of the procedure employed and the ruling on disqualification by the trial court.

*See State v. Wade,* 200 W.Va. 637, 654, 490 S.E.2d 724, 741 (1997); Syl. pt. 2, *State v. Mayle,* 178 W.Va. 26, 357 S.E.2d 219 (1987). In Syllabus point 4 of *State v. Miller* we noted:

The relevant test for determining whether a juror is biased is whether the juror had such a fixed opinion that he or she could not judge impartially the guilt of the defendant. Even though a juror swears that he or she could set aside any opinion he or she might hold and decide the case on the evidence, a juror's protestation of impartiality should not be credited if the other facts in the record indicate to the contrary.

197 W.Va. 588, 476 S.E.2d 535. *See* Syl. pt. 11, *State v. Salmons,* 203 W.Va. 561, 509 S.E.2d 842 (1998). With this standard in

---

1. Mr. Nett's petition for appeal assigned numerous errors. However, this Court limited the appeal to the sole issue of the circuit court's failure to strike for cause two potential jurors.

2. Five hours before this incident, officers Flannigan and Kozik had arrested Mr. Nett for public intoxication.

view, we turn to the merits of the issue presented.

## III.

## DISCUSSION

■ Mr. Nett argues that the trial court committed reversible error in failing to strike Mr. Denmon for cause.[3] In fact, the State has conceded that it was error to fail to strike Mr. Denmon. Our law is clear that confession of error by the State does not automatically entitle the defendant to a reversal. "This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred." Syl. pt. 8, *State v. Julius,* 185 W.Va. 422, 408 S.E.2d 1 (1991). *See State v. Todd Andrew H.,* 196 W.Va. 615, 619 n. 6, 474 S.E.2d 545, 548 n. 6 (1996); *Turner v. Holland,* 175 W.Va. 202, 203, 332 S.E.2d 164, 165 (1985); Syl. pt. 1, *State v. Young,* 166 W.Va. 309, 273 S.E.2d 592 (1980); Syllabus, *State v. Goff,* 159 W.Va. 348, 221 S.E.2d 891 (1976). We must find "that the error[ ] confessed by the State [is] clearly established by the law and the facts of th[e] case." *State v. Berrill,* 196 W.Va. 578, 587, 474 S.E.2d 508, 517 (1996).

During voir dire of Mr. Denmon the following exchange occurred:

TRIAL COURT: You see that? There we are. All right. Is it Mr. Denmon?

JUROR: Denmon, yes. Two summers after high school graduation I lost two friends, two separate accidents, to alcohol.

TRIAL COURT: That's the question that we're going to get to in a moment so we might as well touch on it now. The question is here you have a person who is charged with Driving Under the Influence of Alcohol, Third Offense. And the fact that you had these experiences with either friends, neighbors involved in the operation of motor vehicles, both with drinking involved, would that experience in any way influence you so that you couldn't sit as a juror after taking that oath and verdict? Keeping in mind, as I will tell you time and

again—everybody will—Mr. Nett, at this point as he sits here, is innocent. The Constitution of our country presumes him innocent. That's our system. And he's entitled, as anybody else would be, to have a trial. And that's what we're here to make sure, Can you do that, sir?

JUROR: Hard to say at this point. I can't unequivocally say no.

TRIAL COURT: Mr. Smith [prosecutor], do you have any questions?

MR. SMITH: No, your honor.

TRIAL COURT: Ms. Wood [defense counsel]?

MS. WOOD: Yes, your honor.

. . . .

MS. WOOD: Mr. Denmon, how long ago did this incident happen?

JUROR: Over twenty years ago.

. . . .

MS. WOOD: Do you think when you're back there in the jury room deliberating, that it will enter into your mind when you deliberate.

JUROR: Probably.

MS. WOOD: Do you think—the Judge has told you and you've heard in fact this is a crime where Mr. Nett is alleged to have committed a DUI previously. Do you think that will also enter into your thoughts when you deliberate?

JUROR: Probably.

MS. WOOD: Do you think you would be more likely to consider Mr. Nett guilty because of past experiences, considering there's an allegation of a previous DUI?

JUROR: That would enter my mind, yes.

MS. WOOD: I have nothing further.

TRIAL COURT: The question is, and it's a good question, but would you tend to believe that Mr. Nett is guilty of the current charge because of prior convictions for DUI? That's the key?

JUROR: It's hard to say, looking at it from this side, without seeing all the evidence.

---

**3.** The State did not confess error as to the trial court's ruling relating to Ms. Melko. We need not address the trial court's failure to strike Ms.

Melko for cause as the trial court's ruling relating to Mr. Denmon is reversible error.

TRIAL COURT: That's a good point. And it's only because we start this case with a clean slate and not to put too fine a point on it, is that you have an empty vessel here and it's only filled with evidence that's admitted during the trial. And the law then that's given to you at the end, and you mesh the two and you apply the facts as you find them to be to the law that I give you and then you deliberate and reach a verdict. That's the system. And the question is—and only you can answer this—as to whether or not, knowing that's the system, could you return a fair, impartial, unbiased verdict?

JUROR: It would be difficult.

TRIAL COURT: Is that "yes" or "no"? Don't be ashamed. I really need to know.

JUROR: At this point, its really hard for me to say. I don't know that I'd be able to separate myself. I can't say for sure.

. . . .

TRIAL COURT: Is there a motion?

. . . .

MS. WOOD: We would make a motion to strike for cause, your Honor.

TRIAL COURT: Well, I'm going to deny the motion at this time. I think the juror, because there's not an ability at this time—whatever he needs to know is to hear the evidence. I'm going to deny the motion. Exception saved.

■ We find it difficult to understand the trial court's denial of Mr. Nett's motion to strike Mr. Denmon for cause. Clearly, Mr. Nett established his burden in showing that Mr. Denmon could not fairly and impartially sit as a juror in the trial.[4] At no point during the voir dire did Mr. Denmon state that he could fairly and impartially hear the case against Mr. Nett. In fact, Mr. Denmon made clear to the trial court that there was a possibility that he could not fairly and impartially decide the case, due to having two

friends killed in drunk driving incidents, as well as knowledge of Mr. Nett's prior DUI offenses. We have held that should there be any doubt about a juror's fairness and impartiality, "such doubt must be resolved in favor of the defendant's challenge to strike the juror." *State v. Bennett,* 181 W.Va. 269, 271, 382 S.E.2d 322, 324 (1989). The essence of the jury voir dire process is "to secure jurors who are not only free from prejudice, but who are also free from the suspicion of prejudice." *State v. West,* 157 W.Va. 209, 219, 200 S.E.2d 859, 865–66 (1973) (citation omitted).

■ At the turn of the last century this Court held that

[w]hen a juror on his voir dire admits that he has formed and expressed an opinion of the guilt or innocence of the accused, and expresses any degree of doubt as to whether such previously formed opinion would affect his judgment in arriving at a just and proper verdict in the case, it is error to admit him on the panel.

Syl. pt. 4, *State v. Johnson,* 49 W.Va. 684, 39 S.E. 665 (1901). Writing in Syllabus point 2 of *State v. Gargiliana,* 138 W.Va. 376, 76 S.E.2d 265 (1953), we stated, in part, that a prospective juror's "mind must be in condition to enable him to say on his voir dire unequivocally and without hesitation that [any formed] opinion will not affect his judgment in arriving at a just verdict from the evidence alone submitted to the jury on the trial of the case." (Citation omitted). Based upon Mr. Denmon's stated bias and equivocation as to whether he could put aside that bias, we must reverse the conviction and sentence in this case.

## IV.

## CONCLUSION

The circuit court's conviction and sentence is reversed. This case is remanded for a new trial.

Reversed and Remanded.

---

4. We are unconcerned that Mr. Denmon did not in fact sit as a juror due to his being removed by peremptory strike. We made clear in Syllabus point 8 of *State v. Phillips,* 194 W.Va. 569, 461 S.E.2d 75 (1995), that:

The language of W. Va.Code § 62–3–3 (1949), grants a defendant the specific right to reserve his or her peremptory challenges until an unbiased jury panel is assembled. Consequently, if a defendant validly challenges a prospective juror for cause and the trial court fails to remove the juror, reversible error results even if a defendant subsequently uses his peremptory challenge to correct the trial court's error.

MAYNARD, Chief Justice, dissenting:

(Filed June 28, 2000)

I dissent because I do not believe that the trial court abused its discretion in failing to strike juror Denmon for cause. Accordingly, I would not have reversed the appellant's conviction based on this failure.[1]

As noted by the majority, "[t]he relevant test for determining whether a juror is biased is whether the juror had such a fixed opinion that he or she could not judge impartially the guilt of the defendant." Syllabus Point 4, in part, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996). Stated differently, the inquiry is whether juror Denmon admitted on his voir dire that he had formed an opinion of the guilt or innocence of the accused. *See* Syllabus Point 4, *State v. Johnson*, 49 W.Va. 684, 39 S.E. 665 (1901). The trial transcript does not indicate that juror Denmon had formed a fixed opinion. Rather, juror Denmon was unable to say that he could not presume the defendant to be innocent at the trial's outset. He disclosed that his friends' alcohol-related deaths would probably enter his mind during deliberations, and admitted that it would be difficult to render a fair, impartial, and unbiased verdict. Notably, however, he intimated that he would have to see all the evidence before making up his mind.

If I had been the trial judge, I would have sustained the motion to strike juror Denmon for cause. However, this is not the test used by this Court. Instead, we are to ask whether the trial court *abused its discretion* in failing to strike a juror. Because juror Denmon did not express a fixed opinion as to the guilt of the appellant, I must conclude that the trial court did not abuse its discretion. Accordingly, I dissent.

---

1. The appellant also claimed that the trial court erred in failing to strike for cause juror Melko. The majority does not address this issue.