565 S.E.2d 415

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Gary J. JOHNSTON, Defendant Below, Appellant.**

No. 30040.

Supreme Court of Appeals of West Virginia.

Submitted April 3, 2002.

Decided May 24, 2002.

Jerald E. Jones, West & Jones, Clarksburg, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Stephen Stockton, Assistant Attorney General, Charleston, for Appellee.

PER CURIAM.

Gary J. Johnston (hereinafter referred to as "Mr. Johnston"), appellant/defendant below, filed this appeal following his trial in the Circuit Court of Harrison County on charges of fleeing from a police officer and driving a motor vehicle while his license was revoked.[1] Mr. Johnston was convicted of both offenses. In this appeal, Mr. Johnston contends that the trial court committed reversible error by refusing to strike a juror for cause during jury selection.[2] Based upon the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we reverse the decision of the Circuit Court of Harrison County.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On December 19, 1998, a police officer for the Town of Anmoore attempted to stop a speeding vehicle driven by Mr. Johnston.[3] Mr. Johnston refused to stop until he was outside the town limits of Anmoore. Once Mr. Johnston stopped his vehicle, he was placed under arrest. He was charged with fleeing from a police officer, driving a motor vehicle while his license was revoked, and driving under the influence of alcohol.

In September, 1999, a Harrison County grand jury returned a three count indictment against Mr. Johnston, charging him with fleeing from a police officer while driving under the influence of alcohol, driving a motor vehicle while his license was revoked for driving under the influence of alcohol, and third offense driving under the influence of alcohol. The case went to trial on November 13, 2000. During jury selection, Mr. Johnston motioned the court to excuse, for cause, a juror who had articulated a prejudice against people who drink. The trial judge denied the motion. Consequently, Mr. Johnston used a peremptory strike to remove the juror.

The jury returned a verdict acquitting Mr. Johnston of driving under the influence of alcohol. However, it found him guilty of fleeing from a police officer and driving a motor vehicle while his license was revoked. The trial judge imposed concurrent sentences of twelve months in jail on the charge of fleeing from a police officer and six months in jail on the charge of driving a motor vehicle while his license was revoked. It is from these sentences that Mr. Johnston now appeals.

## II.

### STANDARD OF REVIEW

"We review the trial court's decision on [striking a juror] under an abuse of discretion standard." *State v. Wade*, 200 W.Va. 637, 654, 490 S.E.2d 724, 741 (1997). *See also State v. Hulbert*, 209 W.Va. 217, 220, 544

---

1. Mr. Johnston was also charged with third offense driving under the influence of alcohol. The jury acquitted him of this offense.

2. Mr. Johnston made several assignments of error in his petition for appeal. However, this Court limited his appeal to the juror issue.

3. The officer clocked Mr. Johnston as driving 44 mph in a 35 mph zone.

S.E.2d 919, 922 (2001) ("We review the issue concerning the lower court's failure to strike for cause [a] juror ... under an abuse of discretion standard."); *State v. Miller*, 197 W.Va. 588, 605, 476 S.E.2d 535, 552 (1996) ("The trial court has broad discretion in determining whether to strike jurors for cause, and we will reverse only where actual prejudice is demonstrated."). This Court has also held that "the defendant bears the burden of showing that [a] prospective juror[ ] [was] actually biased or otherwise disqualified and that the trial court abused its discretion or committed manifest error when it failed to excuse [the juror] for cause." *State v. Phillips*, 194 W.Va. 569, 589–590, 461 S.E.2d 75, 95–96 (1995).

## III.

## DISCUSSION

Mr. Johnston contends that the trial court should have struck a juror for cause, because of statements made by the juror regarding her bias toward people who drink alcohol. In syllabus point 1 of *State v. Bennett*, 181 W.Va. 269, 382 S.E.2d 322 (1989) we held, in part, that "[w]hen individual voir dire reveals that a prospective juror feels prejudice against the defendant which the juror admits would make it difficult for him to be fair ... the defendant's motion to strike the juror from the panel for cause should ordinarily be granted." We have also held that "[a]ny doubt the court might have regarding the impartiality of a juror must be resolved in favor of the party seeking to strike the potential juror." *Davis v. Wang*, 184 W.Va. 222, 226, 400 S.E.2d 230, 234 (1990). In the instant case, this Court has serious doubts about the juror's ability to be fair and impartial.

The juror in this case expressed her bias in response to a question by the prosecutor. The prosecutor asked the jury panel if any juror had any reason which would preclude them from fairly and impartially deciding the case. The following exchange occurred between the trial judge and the juror in response to the prosecutor's question:

THE COURT: You didn't have to, but you looked a little hesitant about whether to speak out or not. You are Ms. Robertson?

JUROR: Right. I just feel real strongly about not drinking and the other case that I was called for was, just to let you know I would have trouble making a judgement on someone who had been drinking and I just it is against my religion to drink and I am not sure I could pass a good judgement. The fact that I really don't know and I have never drank and I don't know how a drink affects you or anything like that.

THE COURT: Okay and certainly I understand that, but under these circumstances would you be able and I am not asking you to disavow I guess your beliefs, but would you be able to sit this aside for the purposes of this trial and could you base your decision solely on the evidence that you would hear and see and the instructions of the court and base your decision solely on that?

JUROR: I would do my best.

THE COURT: Sure and I understand. I mean if all the evidence indicated, if the State after presenting all of its evidence and that is all that you had failed to meet its burden beyond a reasonable doubt, if there just wasn't enough evidence to convict him under what I tell you the law is, would you be able to find Mr. Johnston not guilty.

JUROR: I think I could.

THE COURT: I mean is there any doubt in your mind? The fact that I mean alcohol was involved period whether you could do that or not? I mean I know these are tough questions, but —.

JUROR: Like I said I don't really know how alcohol affects you. I don't know whether I know if somebody that drinks that affects your judgment and things and I don't know what I am trying to say.

THE COURT: And you are doing—you have explained yourself well enough, I mean I guess I am just probing and making you think deep down again in your heart of hearts whether if the evidence was insufficient, you could find Mr. Johnston

not guilty or whether the fact—could you do that?

JUROR: Like I could you —— believe is my judgement?

THE COURT: What I would tell you the law is. What the legal standard is. It may not be the moral standard, you know, that you are used to applying, but if I share with you, if I instruct you on what the legal standard is, I mean could you follow that?

JUROR: Yes, I could do that.

THE COURT: And you may believe that it ought to be something else or you know, from a religious or moral standpoint that it would even be a higher standard. Let me ask you then, the fact, if you could apply the law to the facts as you determine those facts to be, again if the evidence was insufficient, can you find Mr. Johnston not guilty?

JUROR: Yes.

THE COURT: Okay, even conversely on the other side, if the evidence was such that you—the State has met its burden beyond a reasonable doubt, could you convict him as well?

JUROR: Yes, I could.

THE COURT: Let me ask you, the fact that alcohol would be involved in any shape or form, I mean does that automatically make Mr. Johnston guilty in your mind?

JUROR: In one sense, yeah, in some respects.

THE COURT: Okay, but in a legal sense, I mean let me break it down and certainly if you need to explain, you can, but in a legal sense if the instructions of the court indicated that certain requirements had to be met before, even if he had a drink, if that was the evidence and we don't know that it is or isn't at this point because we haven't heard anything, that could you set aside your religious beliefs and base your decision even though there was alcohol allegedly involved.

JUROR: I think I can.

THE COURT: Okay, and that doesn't mean it will be easy for you and I understand that. . . .

After questioning by the trial judge, the defense counsel questioned the jurors. At the end of defense counsel's questioning, the juror indicated she was not 100 percent certain she could put aside her bias against people who drink alcohol. Nevertheless, the trial court eventually denied defense counsel's motion to excuse the juror for cause. Defense counsel subsequently used a peremptory strike to remove the juror.[4]

The State has characterized the juror's bias as being only against alcohol, and not against people who drink alcohol. Therefore, the trial court was correct in not striking the juror for cause. The State's characterization is wrong.

The juror expressly stated that she "would have trouble making a judgement on someone who had been drinking[.]" When asked whether the fact that alcohol was involved in the case would automatically make Mr. Johnston guilty in her mind, the juror responded, "In one sense, yeah, in some respects." We are not persuaded by the fact that the trial court was able to get the juror to say that she would follow the instructions given by the court. Our cases have made clear that "[a] prospective juror who admits a prejudice to an issue central to the outcome of the case cannot negate the prejudice merely by stating [he or she] would follow the law as instructed by the court." Syl. pt. 2, in part, *Davis v. Wang*, 184 W.Va. 222, 400 S.E.2d 230 (1990). This Court recently held in syllabus point 5 of *O'Dell v. Miller*, 211 W. Va. 285, 565 S.E.2d 407 (2002), that "[o]nce a prospective juror has made a clear statement during voir dire reflecting or indicating the presence of a disqualifying prejudice or bias, the prospective juror is disqualified as a matter of law and cannot be rehabilitated by subsequent questioning, later retractions, or promises to be fair." *See also West Virginia*

---

**4.** Our cases have held that "it is reversible error to deny a valid challenge for cause even if the disqualified juror is later struck by a peremptory challenge." *State v. Bennett*, 181 W.Va. 269, 272 n. 2, 382 S.E.2d 322, 325 n. 2 (1989). *See Davis*

*v. Wang*, 184 W.Va. 222, 226 n. 7, 400 S.E.2d 230, 234 n. 7 (1990) ("[T]he fact that the jurors in question were eventually removed from the jury panel by the use of peremptory strikes is not relevant to the decision.").

*Dep't of Highways v. Fisher,* 170 W.Va. 7, 11, 289 S.E.2d 213, 218 (1982) ("[T]he mere statement of a prospective juror that he or she is not biased with respect to a particular cause may not be sufficient for the trial court to conclude that no such bias exists.").

In this case each of the charges against Mr. Johnston contained an element involving the use of alcohol. The prospective juror stated an unequivocal bias toward people who drink alcohol. None of the questions by the trial court elicited responses that would convince this Court that the juror would have put aside her bias.[5] Therefore, this Court concludes that the trial court should have granted Mr. Johnston's motion to strike the juror for cause. *See State v. Nett,* 207 W.Va. 410, 533 S.E.2d 43 (2000) (per curiam) (reversing DUI conviction because trial court failed to strike for cause a juror who stated during voir dire that there was a possibility that he could not fairly and impartially decide case due to having two friends killed in drunk driving incidents).

## IV.

## CONCLUSION

In view of the foregoing, we reverse the circuit court's order convicting and sentencing Mr. Johnston of fleeing from a police officer and driving a motor vehicle while his license was revoked, and remand this case for a new trial.[6]

Reversed and Remanded.

---

5. Mr. Johnston's brief is devoted to attacking the fact that the trial court asked the juror leading questions. We are not concerned with the method in which the trial court questioned the juror. Our concern rests squarely with the fact the juror, while stating she would follow the trial judge's instructions, never retreated from her position that she was biased against people who drink alcohol.

6. Obviously, Mr. Johnston cannot be reprosecuted for third offense driving under the influence of alcohol. The jury has acquitted him of this offense.