565 S.E.2d 407

**Samuel R. O'DELL and Eva O'Dell, Plaintiffs Below, Appellants,**

v.

**Gary W. MILLER, M.D., and First Settlement Orthopaedics, Inc., an Ohio corporation, Defendants Below, Appellees.**

No. 29776.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 19, 2002.

Decided May 23, 2002.

Dissenting Opinion of Justice Maynard June 26, 2002.

bilizer and splint, and to use crutches for support until Mr. O'Dell returned in approximately two weeks for reevaluation. Dr. Miller next saw Mr. O'Dell on April 4, 1997, and recommended that Mr. O'Dell continue to use the knee immobilizer, splint, and crutches and to return for a follow-up visit in three weeks.

Unsatisfied with Dr. Miller's recommendations, on April 7, 1997, Mr. O'Dell sought additional opinions and was diagnosed as having completely torn some of his knee ligaments, as opposed to merely straining his knee ligaments. The physicians who provided Mr. O'Dell with a second opinion testified that if they had seen Mr. O'Dell within the two weeks immediately following his accident, they would have most likely recommended the option of early operative repair, and that early operative repair would have given Mr. O'Dell the best opportunity to regain full function of his knee. These physicians also testified that because of the lapse of time, an early operative repair option was no longer available.

During *voir dire,* a prospective juror revealed that he: (1) was currently and had for several years been represented by the law firm representing the appellee Dr. Miller; (2) had been a patient of Dr. Miller concerning a knee problem; and (3) understood that the results of this malpractice action could affect Dr. Miller's ability to continue to practice medicine. Nevertheless, the trial court refused to strike the prospective juror for cause and Mr. O'Dell was forced to use a preemptory strike to remove the challenged juror.

At trial, the jury found in favor of Dr. Miller and First Settlement Orthopaedics, Inc., finding that while Dr. Miller breached the standard of care, his breach was not the proximate cause of Mr. O'Dell's injuries.

Mr. O'Dell raises three assignments of error. But, because we are reversing the verdict on the issue of jury selection, we will not address the remaining two issues.

Richard A. Monahan, Esq., Masters & Taylor, L.C., Charleston, for Appellants.

John D. Hoffman, Esq., Mark A. Robinson, Esq., Flaherty, Sensabaugh & Bonasso, Charleston, for Appellees.

STARCHER, Justice.

The appellants, Samuel O'Dell and Eva O'Dell, have appealed a verdict rendered by a Wood County jury on August 25, 2000, in a medical malpractice case. The appellants argue that they were denied their right to empanel a fair and unbiased jury. We agree and reverse the trial court's ruling.

## I.

### *Facts & Background*

On March 17, 1997, Mr. O'Dell sustained a knee injury when he fell from the bed of his truck. On March 18, 1997, he sought medical assistance from Dr. Gary W. Miller, an orthopedic specialist, who diagnosed the injury as a simple strain to the medial collateral ligament. Dr. Miller's recommended treatment was for Mr. O'Dell to use a knee immo-

## II.

### *Standard of Review*

When reviewing a trial court's rulings, this Court applies a two-prong deferen-

tial standard of review to the trial court's findings and conclusions. *See Doe v. Wal-Mart Stores, Inc.,* 210 W.Va. 664, 558 S.E.2d 663 (2001). "We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 2, in part, *Walker v. West Virginia Ethics Commission,* 201 W.Va. 108, 492 S.E.2d 167 (1997).

The determination of whether a prospective juror should be excused to avoid bias or prejudice in the jury panel is a matter within the sound discretion of the trial judge. *See West Virginia Department of Highways v. Fisher,* 170 W.Va. 7, 289 S.E.2d 213 (1982) *certiorari denied, Fisher v. West Virginia Department of Highways,* 459 U.S. 944, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982).

### III.

### *Discussion*

In West Virginia, parties to a lawsuit are entitled to impartial jurors.

Either party in any action or suit may, and the court shall on motion of such party, examine on oath any person who is called as a juror therein, to know whether he is a qualified juror, or is related to either party, or has any interest in the cause, or is sensible of any bias or prejudice therein; and the party objecting to the juror may introduce any other competent evidence in support of the objection; and if it shall appear to the court that such person is not a qualified juror or does not stand indifferent in the cause, another shall be called and placed in his stead for the trial of that cause.

*W.Va.Code,* 56–6–12 [1931].

Our Court has stated that "[a]ctual bias can be shown either by a juror's own admission of bias or by proof of specific facts which show the juror has such prejudice or connection with the parties at trial that bias is presumed." Syllabus Point 5, *State v. Miller,* 197 W.Va. 588, 476 S.E.2d 535 (1996). "Bias, in its usual meaning, is an inclination toward one side of an issue rather than to the

other, but to disqualify, it must appear that the state of mind of the juror leads to the natural inference that he will not or did not act with impartiality. Prejudice is more easily defined, for it means prejudgment and consequently embraces bias; the converse is not true." *Compton v. Henrie,* 364 S.W.2d 179, 182 (Tex.1963).

The object of jury selection is to secure jurors who are not only free from improper prejudice and bias, but who are also free from the suspicion of improper prejudice or bias. *Voir dire* ferrets out biases and prejudices to create a jury panel, before the exercise of preemptory strikes, free of the taint of reasonably suspected prejudice or bias. Trial courts have an obligation to strike biased or prejudiced jurors for cause.

West Virginia case law has long held that trial courts must resolve any doubt of possible bias or prejudice in favor of the party seeking to strike for cause. "Any doubt the court might have regarding the impartiality of a juror must be resolved in favor of the party seeking to strike the potential juror. *State v. West,* 157 W.Va. 209, 200 S.E.2d 859, 866 (1973)." *Davis v. Wang,* 184 W.Va. 222, 226, 400 S.E.2d 230, 234 (1990) *overruled on other grounds by Pleasants v. Alliance Corp.,* 209 W.Va. 39, 543 S.E.2d 320 (2000). In *State v. Nett,* 207 W.Va. 410, 533 S.E.2d 43 (2000) (*per curiam* ), a prospective juror was unable to say whether he could "separate" himself on the issue of whether Nett's prior convictions for DUI would influence his decision on the current charge of DUI. In *Nett,* this Court stated that where there is any doubt about a juror's ability to be fair and impartial, the trial court must resolve the doubt in favor of the moving party and strike the challenged juror for cause. 207 W.Va. at 414, 533 S.E.2d at 47.

This State's practice of resolving any doubt about a prospective juror in favor of the party moving to strike the prospective juror is supported by sound reasoning. "A fair and impartial trial by jury can only be ensured by removing, for cause, prospective jurors who have experiences or attitudes that indicate a significant potential for prejudice

in the matter at trial. Accepting such jurors' statements, that they can set aside their biases and be fair, creates the great risk of seating biased jurors, and a clear appearance of prejudice to a party." Patterson, Arthur H. and Nancy L. Neufer, *Removing Juror Bias By Applying Psychology To Challenges For Cause*, 7 Cornell J.L. & Pub. Pol'y 97, 106 (1997); *See also,* Daniel J. Sheehan, Jr. and Jill C. Adler, *Voir Dire: Knowledge Is Power*, 61 Tex. B.J. 630 (1998).

■■■■ It is not for the juror to decide whether he can render a verdict solely on the evidence. The discretion to decide whether a prospective juror can render a verdict solely on the evidence is an issue for the trial judge to resolve. "It is not enough if a juror believes that he can be impartial and fair. The court in exercising [its] discretion must find from all of the facts that the juror will be impartial and fair and not be biased consciously or subconsciously. A mere statement by the juror that he will be fair and afford the parties a fair trial becomes less meaningful in light of other testimony and facts which at least suggest the probability of bias. The court in exercising discretion must be convinced that a probability of bias of the juror does not exist. The test of a juror's disqualification is the probability of bias or prejudice as determined by the court." *West Virginia Department of Highways v. Fisher*, 170 W.Va. 7, 12–13, 289 S.E.2d 213, 219 (1982) (*quoting Lambert v. Sisters of St. Joseph of Peace*, 277 Or. 223, 560 P.2d 262 (1977)). In *W.Va. Dept. of Highways v. Fisher*, 170 W.Va. 7, 289 S.E.2d 213 (1982), this Court, quoting *State v. Pendry*, 159 W.Va. 738, 227 S.E.2d 210, 217 (1976), *overruled in part on other grounds, Jones v. Warden*, 161 W.Va. 168, 241 S.E.2d 914 (1978), said:

It may not always be sufficient merely to ask a juror whether he is sensible of any bias or prejudice and to accept either his denial or claim of bias or prejudice merely because he says it. The existence of bias or prejudice or other lack of qualification is addressed in the first instance to the trial court. Although the juror's opinion is entitled to consideration, it need not always be taken to be conclusive. It may frequently become necessary for the trial court or counsel to go into particular matters which may be the subject of biased or prejudiced views in order to determine whether the juror in fact, even without his own knowledge, may have a demonstrable bias or prejudice which would operate to the disadvantage of one of the litigating parties.

*Id.,* 170 W.Va. at 11, 289 S.E.2d at 218.

■■■■ Often, trial judges are faced with the task of deciding whether to keep a juror who *may* have biases or prejudices. "[T]he process of identifying bias or prejudice, except in clear cases, can be a delicate one where the conclusion is finally drawn from the totality of the responses." *See* Daniel J. Sheehan, Jr. and Jill C. Adler, *supra,* at 634. Therefore, when considering whether to excuse a prospective juror for cause, a trial court is required to consider the totality of the circumstances and grounds relating to a potential request to excuse a prospective juror, to make a full inquiry to examine those circumstances and to resolve any doubts in favor of excusing the juror. When considering whether a prospective juror is prejudiced or biased, the trial court must consider all the circumstances surrounding the juror. The trial court must not only consider the prospective juror's promise to be fair but all of the circumstances at issue.

■■■■ However, as far as is practicable in the selection of jurors, trial courts should endeavor to secure those jurors who are not only free from but who are not even subject to any well-grounded suspicion of any bias or prejudice. *State v. Dephenbaugh*, 106 W.Va. 289, 145 S.E. 634 (1928); *State v. Siers*, 103 W.Va. 30, 136 S.E. 503 (1927). When in doubt, a trial court should exclude a prospective juror.

■■■■ Trial courts are often tempted to seek to "rehabilitate" a juror who has given a potentially damaging answer reflecting a disqualifying bias or prejudice. Rehabilitation is "[the] commonly accepted terminology to describe the questioning of a juror who has made a statement indicating bias or prejudice. It is an inaccurate term, suggesting a goal of getting a juror to change the biased attitude. The questioning should actually be for the purpose of clarification or elabora-

tion." Daniel J. Sheehan, Jr. and Jill C. Adler, *supra*, at 633, fn. 11. The better view, therefore, is that if a prospective juror makes an inconclusive or vague statement during *voir dire* reflecting or indicating the possibility of a disqualifying bias or prejudice, further probing into the facts and background related to such bias or prejudice is required. "Jurors who on *voir dire* of the panel indicate possible prejudice should be excused, or should be questioned individually either by the court or by counsel to precisely determine whether they entertain bias or prejudice for or against either party, requiring their excuse." Syllabus Point 3, *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978). *See State v. Simmons*, 171 W.Va. 722, 301 S.E.2d 812 (1983); *State v. Payne*, 167 W.Va. 252, 280 S.E.2d 72 (1981); *State v. Peacher*, 167 W.Va. 540, 280 S.E.2d 559 (1981).

Trial judges must resist the temptation to "rehabilitate" prospective jurors simply by asking the "magic question" [1] to which jurors respond by promising to be fair when all the facts and circumstances show that the fairness of that juror could be reasonably questioned. "A trial judge should err on the side of caution by dismissing, rather than trying to rehabilitate, biased jurors because, in reality, the judge is the only person in the courtroom whose primary concern, indeed primary duty, is to ensure the selection of a fair and impartial jury." *Walls v. Kim*, 250 Ga. App. 259, 260, 549 S.E.2d 797, 799 (2001).

■ Once a prospective juror has made a clear statement during *voir dire* reflecting or indicating the presence of a disqualifying prejudice or bias, the prospective juror is disqualified as a matter of law and cannot be rehabilitated by subsequent questioning, later retractions, or promises to be fair.

■ In the instant case, one source of prejudice or bias is the fact that the challenged juror was a *former patient* of Dr. Miller's. Another source of prejudice or bias is the fact that the challenged juror was a *current client* of the appellees' law firm. The appellees in the instant case argue that

the fact that there was a physician-patient relationship between a party to the litigation and the challenged juror did not disqualify a challenged juror *per se*, citing *West Virginia Department of Highways v. Fisher*, 170 W.Va. 7, 289 S.E.2d 213 (1982). In *Fisher*, this Court awarded the West Virginia Department of Highways a new trial in an eminent domain action because several prospective jurors had been, or were at the time of trial, patients of the landowner physician. Reasoning that the physician-patient relationship is a special relationship in which there is a respect for the reliability of statements communicated by the physician to the patient, this Court said "special care should be taken by the trial judge to ascertain, pursuant to W.VA.CODE, 56–6–12 [1931], that such [a] prospective juror is free from bias or prejudice." Syllabus Point 2, *West Virginia Department of Highways v. Fisher*, 170 W.Va. 7, 289 S.E.2d 213 (1982).

■ While no *per se* rule bars the sitting of prospective jurors who are patients of a doctor who is a party to the litigation, strong reasons exist for disfavoring the practice of trial courts allowing jurors to remain when the physician-patient relationship exists between a party of the litigation and a prospective juror. While no West Virginia case squarely addresses the issue of attorney-client relationships between attorneys and prospective jurors, the Supreme Court of Virginia has reversed and remanded a personal injury lawsuit for a new trial on the ground that the trial court should have removed a prospective juror for cause who was at the time of trial a client of the law firm representing the plaintiff. *Cantrell v. Crews*, 259 Va. 47, 523 S.E.2d 502 (Va.2000). In *Cantrell v. Crews*, the Virginia Supreme Court commented that "[p]ublic confidence in the integrity of the process is at stake. It cannot be promoted when a sitting juror is, at the time of trial, a client of the law firm representing one of the parties[.]" *Id.*, 259 Va. at 51, 523 S.E.2d at 504.

---

**1.** "After you hear the evidence and my charge on the law, and considering the oath you take as jurors, can you set aside your preconceptions and decide this case solely on the evidence and

the law? Not so remarkably, jurors confronted with this question from the bench almost inevitably say, 'yes.'" *Walls v. Kim*, 250 Ga.App. 259, 259, 549 S.E.2d 797, 799 (2001).

A similar situation exists in this case. The challenged juror was not only a former client of Dr. Miller's, but was also a current client of the law firm representing the appellees.

In many West Virginia communities, prospective jurors will often know the parties and their attorneys. Nevertheless, this familiarity does not remove the trial court's obligation to empanel a fair and impartial jury as required by West Virginia's *Constitution*, Article 3, § 10. This obligation includes striking prospective jurors who have a significant past or current relationship with a party or a law firm.[2]

■ Further, this Court reminds trial courts that "it cannot be overemphasized that no error is committed even when a qualified juror is struck as long as the remaining panel members are qualified. Rather, our cases demonstrate that a trial court risks error only when it refuses to strike jurors whose impartiality is questionable." *State v. Phillips*, 194 W.Va. 569, 589, 461 S.E.2d 75, 95 (1995).

## IV.

### *Conclusion*

In summary, we hold that when considering whether to excuse a prospective juror for cause, a trial court is required to consider the totality of the circumstances and grounds relating to potential request to excuse a prospective juror and to make a full inquiry to examine those circumstances and resolve any doubts in favor of excusing the juror. When a prospective juror during *voir dire* makes an inconclusive or vague statement reflecting or indicating the possibility of a disqualifying bias or prejudice, further probing into the facts and background related to such bias or prejudice is required. But once a prospective juror has made a clear statement during *voir dire* reflecting or indicating the presence of a disqualifying prejudice or bias, the prospective juror is disqualified as a matter of law and cannot be rehabilitated by subsequent questioning, later retractions, or promises to be fair.

In the instant case, the trial court abused its discretion by not striking the challenged juror for cause; therefore, Mr. O'Dell was denied his constitutional right not only to a fair and unbiased jury, but to a jury free from the suspicion of prejudice. This Court reverses the jury's verdict and remands this case for a new trial.

Reversed and Remanded.

MAYNARD, Justice, dissenting.

(Filed June 26, 2002)

I believe that the majority's flawed analysis in this case has resulted in an improper and unnecessary reversal of a perfectly valid jury verdict.

The majority incorrectly concludes that "Mr. O'Dell was denied his constitutional right not only to a fair and unbiased jury, but to a jury free from the suspicion of prejudice." There are several things wrong with this statement. First, Mr. O'Dell clearly was *not* denied his constitutional right to a fair and unbiased jury because the challenged juror was not a member of the jury which rendered the verdict. As noted in the majority opinion, Mr. O'Dell used a peremptory strike to remove the challenged juror.

Second, there is no constitutional right to exercise peremptory challenges in civil cases. *Riddle v. Bickford*, 785 So.2d 795, 799 (La. 2001).[1] Instead, in West Virginia, "[t]he right to peremptory challenges is conferred by statute[.]" (Citations omitted). *Tawney v. Kirkhart*, 130 W.Va. 550, 561, 44 S.E.2d 634, 641 (1947), *superseded by statute on other grounds as stated in Bennett v. Buckner*, 150 W.Va. 648, 149 S.E.2d 201 (1966). Interestingly, this statute is quoted by the majority *with the portion of the statute guaranteeing peremptory challenges omitted*. According to the last line of W.Va.Code § 56-6-12 (1923), "[a]nd in every case, unless it be otherwise specially provided by law, the plaintiff and defendant may each challenge

---

2. Attorney-client and doctor-patient relationships are only two examples of the kind of relationships of which trial judges must be especially aware.

1. Also, the right to exercise peremptory challenges in civil cases was unknown to the common law. *Morris v. Cartwright*, 57 N.M. 328, 331, 258 P.2d 719, 721 (1953).

four jurors peremptorily." *See also* West Virginia Rule of Civil Procedure 47(b). Therefore, at worst, Mr. O'Dell was denied his *statutory* right to exercise peremptory strikes from a jury panel free from bias and prejudice. However, for the reason stated below, I do not believe that this is true either.

The majority opinion simply presumes without discussion that the fact that Mr. O'Dell used a peremptory strike to remove the challenged juror is of no consequence to the Court's decision. This presumption apparently is based on dicta found in our case law. In the recent case of *Doe v. Wal–Mart Stores, Inc.*, 210 W.Va. 664, 671, 558 S.E.2d 663, 670 (2001), the Court opined, "The fact that Ms. Doe eventually struck the juror is of no consequence. Ms. Doe was entitled to exercise her peremptory strikes from a jury panel consisting of qualified, impartial and unbiased jurors." In support of this dubious proposition, the Court cited *Davis v. Wang*, 184 W.Va. 222, 226 n. 7, 400 S.E.2d 230, 234 n. 7 (1990), *overruled on other grounds by Pleasants v. Alliance Corp.*, 209 W.Va. 39, 543 S.E.2d 320 (2000). In footnote 7 of *Davis*, the Court asserted, "We have noted that the fact that the jurors in question were eventually removed from the jury panel by the use of peremptory strikes is not relevant to the decision:" As its basis for this claim, the *Davis* Court cited *State v. Bennett*, 181 W.Va. 269, 272, 382 S.E.2d 322, 325 (1989), and *State v. Wilcox*, 169 W.Va. 142, 286 S.E.2d 257, 258–59(1982).

The problem with the Court's reliance in *Davis* on *State v. Bennett* and *State v. Wilcox* is that *Bennett* and *Wilcox* are *criminal* cases specifically governed by W.Va.Code § 62–3–3 (1949) which provides in pertinent part:

> *In a case of felony,* twenty jurors shall be drawn from those in attendance for the trial of the accused. If a sufficient number of jurors for such panel cannot be procured in this way, the court shall order others to be forthwith summoned and selected, until a panel of twenty jurors, *free from exception,* be completed, from which panel the accused may strike off six jurors and the

prosecuting attorney may strike off two jurors. (Emphasis added).

Because of the statute's specific mandate that peremptory strikes not occur until a panel of twenty jurors *free from exception* is completed, this Court has held:

> The language of W.Va.Code, 62–3–3 (1949), grants a defendant the specific right to reserve his or her peremptory challenges until an unbiased jury panel is assembled. Consequently, if a defendant validly challenges a prospective juror for cause and the trial court fails to remove the juror, reversible error results even if a defendant subsequently uses his peremptory challenge to correct the trial court's error.

Syllabus Point 8, *State v. Phillips*, 194 W.Va. 569, 461 S.E.2d 75 (1995). Therefore, this Court's rule in criminal cases that a peremptory strike does not cure the trial court's failure to remove an unqualified juror during voir dire is based on the specific language of W.Va.Code § 62–3–3 which is inapplicable to civil cases. In addition, there is no analogous statutory provision guaranteeing peremptory strikes from a panel free from exception in civil cases. Accordingly, there is no statutory basis for the assertion, first articulated in a footnote in *Davis*, repeated as law in *Doe*, and presumptuously used in the instant case to automatically reverse a verdict in a civil trial, that a party in a civil case is entitled to exercise his or her peremptory strikes from a jury panel consisting of only qualified, impartial and unbiased jurors.

However, even if the majority's legal analysis were correct, I do not believe that the trial court abused its discretion in failing to remove the challenged juror for cause. In criminal cases, this Court has not demanded the automatic disqualification of a prospective juror merely because of a consanguineal, marital or social relationship with an employee of a law enforcement agency who is actively involved in the prosecution of the case. For example, in *State v. Wade*, 174 W.Va. 381, 327 S.E.2d 142 (1985), this Court found no error where the circuit court refused to dismiss prospective jurors who knew the prosecuting attorney and a State witness. The facts of the instant case, where the juror

at issue was a *former* patient of Dr. Miller and a client of the law firm representing Dr. Miller, mere business associations, raise much less concern of bias and prejudice than the facts in *Wade*.

In conclusion, I believe that the circuit court did not abuse its discretion in failing to strike the challenged juror for cause. However, for the reasons stated above, even if the circuit court's failure to strike the juror constituted error, it was cured by Mr. O'Dell's use of a peremptory strike to remove the juror. Therefore, I would affirm the verdict below. Accordingly, I dissent.