I am authorized to state that Justice ALBRIGHT joins in this separate opinion.

566 S.E.2d 645

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Thomas E. GRIFFIN, Defendant Below, Appellant.**

No. 30433.

Supreme Court of Appeals of West Virginia.

Submitted June 11, 2002.

Decided June 26, 2002.

Concurring Opinion of Justice Starcher July 9, 2002.

Michael J. Del Giudice, Diana Leigh Johnson, Ciccarello, Del Giudice & LaFon, Charleston, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Scott E. Johnson, Senior Assistant Attorney General, Charleston, for Appellee.

PER CURIAM.

This appeal was filed by Thomas E. Griffin, appellant/defendant below (hereinafter referred to as "Mr. Griffin"), from an order of the Circuit Court of Kanawha County convicting and sentencing him for committing the crime of attempted burglary.[1] Before this Court, Mr. Griffin contends that the circuit court committed error in refusing to excuse a prospective juror for cause.[2] Based upon the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we reverse the decision of the Circuit Court of Kanawha County.

---

1. Mr. Griffin was given a sentence of not less than two, nor more than three years imprisonment.

2. Mr. Griffin's petition for appeal also assigned other errors. However, this Court granted the petition solely on the issue of juror disqualification.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On March 18, 2000, two police officers from the Cedar Grove Police Department responded to a 911 call concerning a possible breaking and entering of a residence in Cedar Grove. When the officers arrived at the residence, they observed Mr. Griffin and his girlfriend, Kimberly Daniels, attempting to run away from the back of the house. The officers commanded them to stop. They stopped. When the officers approached Mr. Griffin, they observed that he was wearing latex gloves. Mr. Griffin initially stated that he was wearing the gloves to keep his hands warm. Later, he stated he had worn the gloves to prevent his skin from breaking out. Mr. Griffin also stated that he was checking on the residence as he knew the homeowner was hospitalized. Mr. Griffin also stated that the homeowner was his uncle. The officers eventually looked around the house and discovered that insulation on a window in the back of the house had been pried loose. The back screen door also appeared to have been broken.

The officers did not arrest Mr. Griffin and Ms. Daniels at the crime scene. After an investigation was conducted, the officers learned that Mr. Griffin was not related to the homeowner and that he did not have permission to be on the property. Consequently, Mr. Griffin and Ms. Daniels were arrested subsequent to the investigation.

During the September 2000 term of the circuit court, a grand jury returned an indictment against Mr. Griffin charging him with attempted burglary.[3] A two day jury trial was held in March of 2001. During voir dire, it was discovered that a prospective juror, Sharon Young, worked as a criminal grand jury coordinator for the United States Attorney General's Office.[4] Mr. Griffin motioned

**3.** The indictment contained three other charges that are not before this Court. The record does not indicate the disposition of the case against Ms. Daniels.

**4.** Ms. Young failed to initially inform the trial court of her employment with a federal law enforcement agency. The State brought the matter to the attention of Mr. Griffin and the trial court

the trial court to strike Ms. Young for cause after the court questioned her. The trial court denied the motion after concluding that Ms. Young would fairly and impartially decide the facts in the case.[5] The jury found Mr. Griffin guilty of attempted burglary. On August 29, 2001, the trial court sentenced Mr. Griffin to a term of not less than two, nor more than three years in prison. From this sentence, Mr. Griffin now appeals.

## II.

### STANDARD OF REVIEW

The issue presented in this case involves the trial court's ruling denying a motion by Mr. Griffin to strike a prospective juror for cause. We have held that "[i]n a criminal case, the inquiry made of a jury on its *voir dire* is within the sound discretion of the trial court and not subject to review, except when the discretion is clearly abused." Syl. pt. 2, *State v. Beacraft,* 126 W.Va. 895, 30 S.E.2d 541 (1944). *See also State v. Phillips,* 194 W.Va. 569, 588, 461 S.E.2d 75, 94 (1995) ("A trial court's ruling on a challenge for cause is reviewed under an abuse of discretion standard."). This Court has also indicated that "[a]n appellate court ... should interfere with a trial court's discretionary ruling on a juror's qualification to serve because of bias only when it is left with a clear and definite impression that a prospective juror would be unable faithfully and impartially to apply the law." Syl. pt. 6, in part, *State v. Miller,* 197 W.Va. 588, 476 S.E.2d 535 (1996).

## III.

### DISCUSSION

■ Mr. Griffin contends that Ms. Young was biased based upon the following exchange with the trial court:

> was thereafter informed. The trial court stated on the record that it believed Ms. Young did not understand the earlier question by the court, regarding whether any member of the jury panel was employed by a law enforcement agency.

**5.** Mr. Griffin exercised a peremptory strike to remove Ms. Young from the panel.

THE COURT: Do you believe that when somebody has been indicted, they are most likely to be guilty than not, based on your experience when you were with grand juries?

JUROR YOUNG: Probably.

Mr. Griffin argues, and we agree, that the above exchange clearly indicated a bias by Ms. Young towards indicted criminal defendants.

■ We held in syllabus point 4 of *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996) that:

> The relevant test for determining whether a juror is biased is whether the juror had such a fixed opinion that he or she could not judge impartially the guilt of the defendant. Even though a juror swears that he or she could set aside any opinion he or she might hold and decide the case on the evidence, a juror's protestation of impartiality should not be credited if the other facts in the record indicate to the contrary.

*Miller* also stated that "the challenging party bears the burden of persuading the trial court that the juror is partial and subject to being excused for cause." *Miller*, 197 W.Va. at 606, 476 S.E.2d at 553.

Mr. Griffin has cited our decision in *State v. Bennett*, 181 W.Va. 269, 382 S.E.2d 322 (1989), as grounds for striking Ms. Young for cause. In *Bennett*, a prospective juror was asked during voir dire, "Do you think that there's a probability or a greater chance that [the defendant] did it than didn't do it?" 181 W.Va. at 271, 382 S.E.2d at 324. The prospective juror responded, "Yeah." *Id.* We concluded in *Bennett* that it was error for the trial court not to strike the prospective juror for cause. We also set out the following principle of law in syllabus point 1, in part, of *Bennett*:

> When individual voir dire reveals that a prospective juror feels prejudice against the defendant ... the defendant's motion to strike the juror from the panel for cause should ordinarily be granted.

Mr. Griffin has also pointed out that our decision in *State v. Nett*, 207 W.Va. 410, 533 S.E.2d 43 (2000) (per curiam) required Ms. Young to be stricken for cause. In *Nett*, a prospective juror "made clear to the trial court that there was a possibility that he could not fairly and impartially decide the case, due to having two friends killed in drunk driving incidents, as well as knowledge of Mr. Nett's prior DUI offenses." *Nett*, 207 W.Va. at 414, 533 S.E.2d at 47. We found this admission by the prospective juror to be grounds for the trial court to strike the juror for cause.

■ The prior decisions of this Court have made clear that "[a] prospective juror who admits a prejudice to an issue central to the outcome of the case cannot negate the prejudice merely by stating [he or she] would follow the law as instructed by the court." Syl. pt. 2, in part, *Davis v. Wang*, 184 W.Va. 222, 400 S.E.2d 230 (1990). We recently held in syllabus point 5 of *O'Dell v. Miller*, 211 W.Va. 285, 565 S.E.2d 407 (2002), that "[o]nce a prospective juror has made a clear statement during voir dire reflecting or indicating the presence of a disqualifying prejudice or bias, the prospective juror is disqualified as a matter of law and cannot be rehabilitated by subsequent questioning, later retractions, or promises to be fair."

In the instant case, the trial court attempted to rehabilitate Ms. Young's bias toward indicted defendants. However, we are not convinced that Ms. Young could have put aside her stated prejudice. Moreover, as a result of our holding in *O'Dell*, the trial court should not have attempted to rehabilitate Ms. Young. Consequently, we find that it was error to deny Mr. Griffin's motion to strike Ms. Young for cause.

## IV.

## CONCLUSION

The conviction and sentence in this case are reversed and a new trial is awarded.

Reversed and Remanded.

DAVIS, C.J., dissenting.

Thomas E. Griffin, appellant/defendant below (hereinafter referred to as "Mr. Griffin"), argued that his conviction and sentence for attempted breaking and entering should be

reversed because of the trial court's refusal to strike a juror for cause. The majority agreed with Mr. Griffin and reversed the judgment. For the reasons set out below, I dissent from the majority decision.

### A. The Prospective Juror Did Not Articulate Any Bias Toward Mr. Griffin

Mr. Griffin contends that a prospective juror, Sharon Young, revealed a bias against him during voir dire. The alleged bias occurred during the following exchange between the trial judge and Ms. Young:

> THE COURT: It was brought to my attention that you work at the U.S. Attorney's Office. That obviously is law enforcement. Well, I was wondering, Ms. Young, let me ask you: What do you do over there?
>
> JUROR YOUNG: I'm the grand jury technician in the criminal division.
>
> THE COURT: As a grand jury technician, you do what?
>
> JUROR YOUNG: I just physically coordinate with the Court the time the grand juries are needed to meet. Then I coordinate with the attorneys to scheduling that, when they're going to be before the grand jury.
>
> THE COURT: Do you believe that based on your job that you would tend to favor or disfavor the State's or the government's side of a particular criminal case?
>
> JUROR YOUNG: I really don't think so.
>
> THE COURT: Do you believe that you can listen to the evidence as presented in this courtroom and determine the facts of this case to be fairly and impartially, and to apply the law as I give to you in my charge?
>
> JUROR YOUNG: I think so.
>
> THE COURT: And what does it mean to you when a grand jury indicts somebody?
>
> JUROR YOUNG: It means it's a possible cause that it needs to go to a trial jury to decide.
>
> THE COURT: Do you believe the jury indicts people that are completely innocent?

> JUROR YOUNG: I guess that could happen.
>
> THE COURT: Do you believe that happens.
>
> JUROR YOUNG: I believe it has happened.
>
> THE COURT: Do you believe that when somebody has been indicted, they are more likely to be guilty than not, based on your experience when you were with the grand juries?
>
> JUROR YOUNG: Probably.
>
> . . . .
>
> THE COURT: Let me ask you this: The Court will instruct you later on in this case that an indictment is not to be considered by you as any part of evidence of a person's guilt, and just because someone is charged, they still stand there with the presumption of the innocent that the statements overcome?
>
> JUROR YOUNG: Right.
>
> THE COURT: Can you apply that statement of the law in this case?
>
> JUROR YOUNG: Yes, I can.

Subsequent to the above questioning by the trial court, Mr. Griffin moved to strike Ms. Young for cause. The trial court denied the motion as follows:

> I'm going to deny the motion based on the responses of Ms. Young. She indicated she could follow the instructions of the Court, specifically this instruction of the indictment. There is no evidence to prove against the defendant. The defendant is still presumed innocent until the State can overcome its burden.

Mr. Griffin contended, and the majority agreed, that under this Court's decision in *State v. Bennett,* 181 W.Va. 269, 382 S.E.2d 322 (1989), and *State v. Nett,* 207 W.Va. 410, 533 S.E.2d 43 (2000) (per curiam), that the trial court was required to strike Ms. Young for cause. I disagree.

To begin, the decision in *Bennett* is distinguishable from this case. In *Bennett,* a prospective juror stated that he was reluctant to be a juror. The juror also stated that he would have difficulty setting aside his preju-

dices against the defendant. In *Bennett*, the trial judge attempted to rehabilitate the juror. However, on appeal we found that the juror should have been struck for cause. Consequently, we held in syllabus point 1 of *Bennett* as follows:

> When individual voir dire reveals that a prospective juror feels prejudice against the defendant which the juror admits would make it difficult for him to be fair, and when the juror also expresses reluctance to serve on the jury, the defendant's motion to strike the juror from the panel for cause should ordinarily be granted.

In the instant case, Ms. Young did not express a reluctance to sit on the jury. More importantly, she did not express *any prejudice toward Mr. Griffin.* Thus, *Bennett* cannot be used for setting aside the judgment against Mr. Griffin.

The decision in *Nett* is also distinguishable. *Nett* involved the prosecution of the defendant for third offense DUI. During jury voir dire, a prospective juror stated that there was a possibility that he could not fairly and impartially decide the case. The prospective juror had two friends who were killed in drunk driving incidents.[1] In spite of this disclosure, the trial court refused to strike the juror for cause. We determined that the trial court committed error. This Court found that syllabus point 4 of *State v. Johnson,* 49 W.Va. 684, 39 S.E. 665 (1901), controlled the disposition of the case:

> When a juror on his voir dire admits that he has formed and expressed an opinion of the guilt or innocence of the accused, and expresses any degree of doubt as to whether such previously formed opinion would affect his judgment in arriving at a just and proper verdict in the case, it is error to admit him on the panel.

Here, the record reveals that Ms. Young neither stated nor implied that she had formed an opinion as to Mr. Griffin's guilt or innocence. Consequently, *Nett* is not controlling authority in this case.

The majority opinion also relied upon syllabus point 5 of *O'Dell v. Miller,* 211 W.Va. 285, 565 S.E.2d 407 (2002), wherein we held that "[o]nce a prospective juror has made a clear statement during voir dire reflecting or indicating the presence of a disqualifying prejudice or bias, the prospective juror is disqualified as a matter of law and cannot be rehabilitated by subsequent questioning, later retractions, or promises to be fair."

The sound reasoning in *O'Dell* has no application in this case. Here, the trial court did not attempt to rehabilitate Ms. Young. In fact, the trial court did nothing more than ask Ms. Young questions regarding the impact of her work on her ability to fairly and impartially decide Mr. Griffin's innocence or guilt. Ms. Young clearly, and without rehabilitative questioning, stated that she could fairly and impartially decide the facts in the case. We indicated in *State v. Miller* that "[i]n determining whether a juror should be excused, our concern is whether the juror holds a particular belief or opinion that prevents or substantially impairs the performance of his or her duties as a juror in accordance with the instructions of the trial court and the jurors' oath." 197 W.Va. 588, 605, 476 S.E.2d 535, 552 (1996) (citation omitted). Ms. Young never expressed any belief or opinion that could logically lead to the conclusion that she would be unable to follow the instructions of the trial judge.

The majority opinion also focused upon Ms. Young's response to the judge's questioning indicating that she *"probably"* believed that "when somebody has been indicted, they are more likely to be guilty than not." This statement, taken out of context in the majority opinion, was not an indication of prejudice against Mr. Griffin. I believe Ms. Young's response was an honest response of the type one would expect from the average person. That is, I do not believe that the average person in the state of West Virginia believes that the majority of people who are indicted are innocent. Our criminal justice system would indeed be flawed if most people who are indicted are innocent.

---

1. On appeal the State confessed error because of the trial court's failure to strike the juror for cause.

Moreover, this specific issue is not new to this Court. We have previously addressed the issue in *State v. Williams*, 206 W.Va. 300, 524 S.E.2d 655 (1999) (per curiam). In *Williams*, the defendant argued that the trial court committed error in refusing to strike a juror who "indicated that he believed when a person is indicted that person is guilty of the offense." *Williams*, 206 W.Va. at 303, 524 S.E.2d at 658. This Court rejected the defendant's argument after concluding that, based upon the full questioning by the trial court, the juror "truly understood that an indictment was nothing more than an accusatory instrument and not evidence of guilt." *Williams*, 206 W.Va. at 304, 524 S.E.2d at 659.

Similarly, in the *Miller* case discussed above, the defendant was convicted of first degree murder. 197 W.Va. 588, 476 S.E.2d 535. One of the issues argued on appeal was that a juror, who actually served on the jury that convicted the defendant, should have been struck for cause on the ground that the juror indicated she " 'believed a person could not be charged without being guilty.' " *Id.*, 197 W.Va. at 604, 476 S.E.2d at 551. In writing for the Court, Justice Cleckley summarily rejected the argument. The opinion concluded that "the prospective juror expressed the opinion that if she believed someone was not guilty she would have no problem returning a not guilty verdict." *Id.*

In the final analysis, there was simply no showing that Ms. Young was biased against Mr. Griffin. Therefore, the trial court was correct in not striking her for cause.

In view of the foregoing, I dissent. I am authorized to state that Justice MAYNARD joins me in this dissenting opinion.

### STARCHER, Justice, concurring.

(Filed July 9, 2002)

I concur with the majority opinion and write separately to point out that this defendant is absolutely and constitutionally entitled to one fair jury trial on the charges against him. Juror Young in the instant case made a clear statement during *voir dire* indicating bias—she believed that when a defendant has been indicted, he or she is "most likely to be guilty than not, based on [her] experience when [she was] *with grand juries*." (Emphasis added.) Once the juror made this clear statement, fairness mandated that she be disqualified as a matter of law and another prospective juror called in her place. That Juror Young was employed as a "criminal grand jury coordinator" for the U.S. Attorney's Office adds some understanding as to why Ms. Young might think as she stated.

In *O'Dell v. Miller*, 211 W.Va. 285, 565 S.E.2d 407 (2002) this Court recently made clear that prospective jurors who indicate disqualifying bias or prejudice should be disqualified as a matter of law, and judges should not attempt to rehabilitate those prospective jurors by extracting promises to be fair. The safest course—and the fairest course to the litigants—is to call another prospective juror.

My dissenting colleagues cite to earlier opinions, such as *State v. Williams*, 206 W.Va. 300, 524 S.E.2d 655 (1999) (*per curiam*) and *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996), to suggest that the circuit court in the instant case correctly allowed Juror Young to remain on the jury. However, these earlier cases have been superseded by our holding in *O'Dell v. Miller*, where we stated:

[A]s far as is practicable in the selection of jurors, trial courts should endeavor to secure those jurors who are not only free from but who are not even subject to any well-grounded suspicion of any bias or prejudice. When in doubt, a trial court should exclude a prospective juror.

211 W.Va. at 289, 565 S.E.2d at 411 (citations omitted).

Upon review of the record, as the majority opinion suggests, there exists in the record a "well-grounded suspicion of any bias or prejudice" by Juror Young. I therefore concur with the majority opinion's reversal of the conviction, and the remand of the instant case so that the defendant may have a clearly, constitutionally fair trial.