624 S.E.2d 582

**Jennifer THOMAS, Plaintiff Below, Appellant,**

v.

**Anil K. MAKANI, M.D., and South Branch Surgical Associates, Inc., a West Virginia Corporation, Defendants Below, Appellees.**

No. 32753.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 15, 2005.

Decided Dec. 1, 2005.

Guy R. Bucci, Esq., Carrie L. Webster, Esq., Peter G. Markham, Esq., Bucci, Bailey & Javins, L.C., A. John Curry, II, Esq., Curry & Tolliver, Charleston, West Virginia, Attorneys for Appellant.

Dino S. Colombo, Timothy R. Linkous, Colombo & Stuhr, P.L.L.C., Morgantown, West Virginia, Attorneys for Appellees.

The Opinion of the Court was delivered PER CURIAM.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Grant County entered on October 29, 2004. In that order, the circuit court refused to set aside a defense verdict in this medical malpractice action filed by the appellant and plaintiff

below, Jennifer Thomas, against the appellees and defendants below, Anil K. Makani, M.D., and South Branch Surgical Associates, Inc. The jury determined that Dr. Makani was not negligent in his care and treatment of Ms. Thomas.

In this appeal, Ms. Thomas contends that three jurors were biased in favor of Dr. Makani and that the circuit court abused its discretion by not removing those jurors for cause from the jury panel. Ms. Thomas requests a new trial.[1]

This Court has before it the petition for appeal, the designated record, and the briefs and argument of counsel. For the reasons set forth below, the final order is affirmed.

## I.

### FACTS

On May 11, 2000, Dr. Makani performed a laparoscopic cholecystectomy[2] on Ms. Thomas. During the surgery, Dr. Makani cut Ms. Thomas' hepatic bile duct. As a result, Ms. Thomas was immediately transferred to the University of Virginia Medical Center for repair surgery. Ms. Thomas underwent two surgeries over the course of two months. The repair was successful. However, Ms. Thomas claims that the surgeries required considerable recovery time and subjected her to significant pain, suffering, and other damages.

On February 28, 2002, Ms. Thomas filed suit against Dr. Makani and South Branch Surgical Associates, Inc., alleging that Dr. Makani violated the applicable standard of care in performing the laparoscopic cholecystectomy. Specifically, Ms. Thomas claimed that Dr. Makani negligently cut her bile duct necessitating separate repair surgeries and extensive medical follow-up. The case proceeded to trial on August 2, 2004. The case was heard by a six-person jury who returned a verdict in favor of Dr. Makani and South Branch Surgical Associates, Inc. Thereafter, Ms. Thomas filed a motion for new trial.

The circuit court denied the motion in the final order dated October 29, 2004. This appeal followed.

## II.

### STANDARD OF REVIEW

■ As noted above, Ms. Thomas appeals from a final order of the circuit court denying her motion for a new trial. This Court has held that, "Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syllabus Point 4, *Sanders v. Georgia–Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976). With regard to whether a juror should be excused to avoid bias or prejudice in the jury panel, this Court has stated that the matter is within the sound discretion of the trial judge. *O'Dell v. Miller*, 211 W.Va. 285, 288, 565 S.E.2d 407, 410 (2002). With these standards in mind, we now consider the parties' arguments.

## III.

### DISCUSSION

As set forth above, Ms. Thomas argues that the circuit court abused its discretion by refusing to strike for cause three potential jurors who revealed during *voir dire* that they had received successful medical treatment from Dr. Makani. Ms. Thomas contends that upon further individual questioning, it was clear that these jurors were biased in favor of Dr. Makani, and therefore, they should have been removed from the jury panel.

■ Ms. Thomas first complains about Juror David Evans. Juror Evans stated that he had been treated by Dr. Makani in 1990 following a vehicle accident. Upon initial questioning by Ms. Thomas' counsel, Juror

---

**1.** In her petition for appeal, Ms. Thomas asserted additional assignments of error. However, by order dated June 14, 2005, this Court granted the appeal only as to Ms. Thomas' alleged error regarding bias on the part of three jurors.

**2.** In layman's terms, Dr. Makani removed Ms. Thomas' gall bladder.

Evans indicated that he had a "good experience" with Dr. Makani and that he might possibly "lean toward" him, especially since he did not know anything about medicine. Based on these statements, Ms. Thomas argues that Juror Evans should have been removed from the jury panel for cause pursuant to this Court's holding in Syllabus Point 5 of *O'Dell v. Miller*, 211 W.Va. 285, 288, 565 S.E.2d 407, 410 (2002), which states that,

> Once a prospective juror has made a clear statement during *voir dire* reflecting or indicating the presence of a disqualifying prejudice or bias, the prospective juror is disqualified as a matter of law and cannot be rehabilitated by subsequent questioning, later retractions, or promises to be fair.

Dr. Makani and South Branch Surgical Associates, Inc., (hereinafter collectively referred to as "Dr. Makani") contend, however, that Juror Evans did not make a clear statement of prejudice or bias in favor of Dr. Makani. Dr. Makani points out that upon further questioning by the court, Juror Evans indicated that he would be swayed by the evidence itself and the manner in which it was presented. Dr. Makani further notes that Juror Evans expressly stated that, "as far as picking him [Dr. Makani] over another doctor, I mean, I wouldn't."

This Court has previously observed that, "It is a fact of life that in many rural jurisdictions in this State, a limited number of physicians may practice within any given community." *Dupuy v. Allara*, 193 W.Va. 557, 562, 457 S.E.2d 494, 499 (1995), *overruled on other grounds, Pleasants v. Alliance Corp.*, 209 W.Va. 39, 543 S.E.2d 320 (2000). As a result, "[w]hen one of these doctors is a party or a witness in a medical malpractice action, it is unlikely the court can seat a panel of jurors with absolutely no contacts with the doctor." *Id.* Accordingly, this Court has held that,

> Where a physician-patient relationship exists between a party to litigation and a prospective juror, although such prospective juror is not disqualified *per se*, special care should be taken by the trial judge to ascertain, pursuant to *W.Va.Code*, 56–6–12

[1931], that such prospective juror is free from bias or prejudice.

Syllabus Point 2, *West Virginia Dep't of Highways v. Fisher*, 170 W.Va. 7, 289 S.E.2d 213 (1982).

In this case, Ms. Thomas does not argue that Dr. Makani's prior treatment of Juror Evans by itself rendered him disqualified from serving on the jury. Rather, she maintains that Jurors Evans' answers to questions posed to him during individual *voir dire* clearly showed that he was biased in favor of Dr. Makani. While it is a close question, we nevertheless disagree.

Having carefully reviewed the transcript of the *voir dire* in this case, we are unable to conclude that Juror Evans made a clear statement of disqualifying bias toward Dr. Makani sufficient to disqualify him from serving on the jury. Certainly, Juror Evans' initial comments required further inquiry by the court. In Syllabus Point 4 of *O'Dell*, we explained that,

> If a prospective juror makes an inconclusive or vague statement during *voir dire* reflecting or indicating the possibility of a disqualifying bias or prejudice, further probing into the facts and background related to such bias or prejudice is required.

This Court also advised in Syllabus Point 3 of *O'Dell* that:

> When considering whether to excuse a prospective juror for cause, a trial court is required to consider the totality of the circumstances and grounds relating to a potential request to excuse a prospective juror, to make a full inquiry to examine those circumstances and to resolve any doubts in favor of excusing the juror.

In this case, the trial court, in accordance with *O'Dell*, did, in fact, question Juror Evans further to determine whether he was capable of rendering a fair verdict. At that point, Juror Evans clarified his earlier statement that he might possibly "lean toward" Dr. Makani. He explained that since he had no medical knowledge, he would more likely believe the doctor who presented the most credible and convincing evidence. He clearly stated that he would not find in favor of Dr.

Makani simply because he had treated him fourteen years ago.

After reviewing the record in this case, we conclude that the trial court took "special care" to determine that Juror Evans was free from bias and prejudice. The trial court clearly considered the totality of the circumstances and conducted a full inquiry before determining that there was no basis to disqualify Juror Evans from serving on the jury. In Syllabus Point 12 of *State v. Salmons*, 203 W.Va. 561, 509 S.E.2d 842 (1998), this Court held that,

> A trial judge is entitled to rely upon his/her self-evaluation of allegedly biased jurors when determining actual juror bias. The trial judge is in the best position to determine the sincerity of a juror's pledge to abide by the court's instructions. Therefore, his/her assessment is entitled to great deference.

Upon careful review of the record, we are unable to find that the circuit court abused its discretion by not striking Juror Evans for cause from the jury panel.

Ms. Thomas also contends that the circuit court erred by not removing Jurors Gretchen Bruce and Linda Porter from the jury panel. However, the record shows that Ms. Thomas did not make a motion to strike these particular jurors for cause. Jurors Bruce and Porter were individually questioned after they indicated that they had been previously treated by Dr. Makani. Following their individual *voir dire*, counsel for Ms. Thomas did not move to strike either of these jurors for cause. Consequently, we find that Ms. Thomas has waived her right to allege error in this appeal with respect to these two jurors. *See Hanlon v. Logan County Bd. of Educ.*, 201 W.Va. 305, 315, 496 S.E.2d 447, 457 (1997) ("Long standing case law and procedural requirements in this State mandate that a party must alert a tribunal as to perceived defects at the time such defects occur in order to preserve the alleged error for appeal."); *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996) ("The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace."); *State v. LaRock*, 196 W.Va. 294, 316, 470 S.E.2d 613, 635 (1996) ("When a litigant deems himself or herself aggrieved by what he or she considers to be an important occurrence in the course of a trial or an erroneous ruling by a trial court, he or she ordinarily must object then and there or forfeit any right to complain at a later time.").

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Grant County entered on October 29, 2004, is affirmed.

Affirmed.