# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-1077** (Clay County 04-F-1)

**Glen Tanner,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Glen Tanner, by counsel Kevin Hughart, appeals the Circuit Court of Clay County's order entered on August 18, 2012, which resentenced petitioner for purposes of appeal. Respondent State of West Virginia, by counsel Thomas W. Rodd, has filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on one count of grand larceny stemming from a July 1, 2003, incident wherein he stole the keys to a vehicle and drove off in the vehicle. Petitioner was found guilty on October 26, 2004, and sentenced to one to ten years of incarceration. Petitioner requested an appeal, but his attorney failed to appeal the conviction. After four subsequent attorneys also failed to procure an appeal, current counsel was appointed and filed the instant appeal. Petitioner has now officially discharged his sentence and has been released from incarceration.

On appeal, petitioner argues that the circuit court erred by allowing petitioner to be handcuffed and/or shackled in front of the jury in violation of his due process rights. This Court has noted that a defendant has the right to be tried free of physical restraints unless there is a security risk, and that "physical restraints on a defendant at trial may create a substantial prejudice against him." *State v. Brewster,* 164 W.Va. 173, 180, 261 S.E.2d 77, 81 (1979). Moreover, "[t]he State must prove 'beyond a reasonable doubt' that the [shackling] did not contribute to the verdict obtained.'" *Deck v. Missouri,* 544 U.S. 622, 623 (2005) (citation omitted). In the present case, it appears from a review of the record that petitioner did appear in restraints before the jury at some point. However, there is no evidence that the jury actually saw these restraints. Moreover, this Court has stated that "[o]rdinarily, it is not reversible error nor grounds for a mistrial to proceed to try a criminal defendant with a jury panel that may have seen

1

him in handcuffs for a brief period of time prior to trial." Syl. Pt. 2, *State v. Linkous*, 177 W.Va. 621, 355 S.E.2d 410 (1987). Therefore, this Court finds no error.

Petitioner also argues that trial counsel's conduct during the trial of this matter undermined the proper function of the adversarial process to the point that the result of the trial cannot be relied upon as a just result. Petitioner argues that counsel failed to strike a juror and failed to timely effectuate an appeal. However, as we have previously stated:

> "It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim." Syllabus Point 10 of *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992).

Syl. Pt. 10, *State v. Hutchinson,* 215 W.Va. 313, 599 S.E.2d 736 (2004). We do not find this to be an "extremely rare" case, and without a properly developed record regarding ineffective assistance of counsel, this Court cannot rule upon the same.

Finally, petitioner argues that it was error to allow a juror, who had previously been involved in a physical altercation with petitioner, to remain on the jury, thus depriving petitioner of his fundamental right to an impartial and objective jury. However, there is no evidence in the record to support this contention, and petitioner does not even know the name of the juror involved in the alleged altercation. Further, the error was not presented below. An objection to a juror must be made at the time of trial to preserve the error on appeal. *See, Thomas v. Makani*, 218 W.Va. 235, 239, 624 S.E.2d 582, 586 (2005). Inasmuch as petitioner alleges that the failure to present this error below was due to ineffective assistance of counsel, this Court has addressed this issue above.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2