IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2015 Term

_____

No. 14-0970

_____

**FILED**

**June 10, 2015**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA, ex rel. MICHAEL W. PARKER, PROSECUTING
ATTORNEY FOR RANDOLPH COUNTY, WEST VIRGINIA,
Petitioner

v.

THE HONORABLE THOMAS H. KEADLE, JUDGE SITTING BY SPECIAL
ASSIGNMENT FOR THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST
VIRGINIA, and DEREK S.,
Respondents

_____

ORIGINAL PROCEEDING IN PROHIBITION

WRIT GRANTED

_____

Submitted: February 25, 2015
Filed: June 10, 2015

Michael W. Parker, Esq.                    Jeremy B. Cooper, Esq.
Prosecuting Attorney for Randolph County   John W. Cooper, Esq.
Christina W. Harper                        Cooper and Preston, PLLC
Assistant Prosecuting Attorney             Parsons, West Virginia
Elkins, West Virginia                      Counsel for Respondent Derek S.
Counsel for the Petitioner

JUSTICE BENJAMIN delivered the Opinion of the Court.

JUSTICE KETCHUM dissents and reserves the right to file a dissenting opinion.

SYLLABUS BY THE COURT

1.      "The State may seek a writ of prohibition in this Court in a criminal matter where the trial court has exceed or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented." Syl. pt. 5, *State v. Lewis*, 188 W. Va. 85, 422 S.E.2d 807 (1992).

2.      "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all

five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

3.      "In a criminal case, the inquiry made of a jury on its *voir dire* is within the sound discretion of the trial court and not subject to review, except when the discretion is clearly abused."  Syl. pt. 2, *State v. Beacraft*, 126 W. Va. 895, 30 S.E.2d 541 (1944).

4.      "The relevant test for determining whether a juror is biased is whether the juror had such a fixed opinion that he or she could not judge impartially the guilt of the defendant. Even though a juror swears that he or she could set aside any opinion he or she might hold and decide the case on the evidence, a juror's protestation of impartiality should not be credited if the other facts in the record indicate to the contrary."  Syl. pt. 4, *State v. Miller*, 197 W. Va. 588, 476 S.E.2d 535 (1997).

5.      "Actual bias can be shown either by a juror's own admission of bias or by proof of specific facts which show the juror has such prejudice or connection with the parties at trial that bias is presumed."  Syl. pt. 5, *State v. Miller*, 197 W. Va. 588, 476 S.E.2d 535 (1997).

ii

6. "The challenging party bears the burden of persuading the trial court that the juror is partial and subject to being excused for cause[]. An appellate court only should interfere with a trial court's discretionary ruling on a juror's qualification to serve because of bias only when it is left with a clear and definite impression that a prospective juror would be unable faithfully and impartially to apply the law." Syl. pt 6, *State v. Miller*, 197 W. Va. 588, 476 S.E.2d 535 (1997).

7. "When considering whether to excuse a prospective juror for cause, a trial court is required to consider the totality of the circumstances and grounds relating to a potential request to excuse a prospective juror, to make a full inquiry to examine those circumstances and to resolve any doubts in favor of excusing the juror." Syl. pt. 3, *O'Dell v. Miller*, 211 W. Va. 285, 565 S.E.2d 407 (2002).

8. "If a prospective juror makes an inconclusive or vague statement during *voir dire* reflecting or indicating the possibility of a disqualifying bias or prejudice, further probing into the facts and background related to such bias or prejudice is required." Syl. pt. 4, *O'Dell v. Miller*, 211 W. Va. 285, 565 S.E.2d 307 (2002).

9. "Once a prospective juror has made a clear statement during *voir dire* reflecting or indicating the presence of a disqualifying prejudice or bias, the prospective juror is disqualified as a matter of law and cannot be rehabilitated by

subsequent questioning, later retractions, or promises to be fair." Syl. pt. 5, *O'Dell v. Miller*, 211 W. Va. 285, 565 S.E.2d 307 (2002).

10.    "When a prospective juror makes a clear statement of bias during *voir dire*, the prospective juror is automatically disqualified and must be removed from the jury panel for cause. However, when a juror makes an inconclusive or vague statement that only indicates the possibility of bias or prejudice, the prospective juror must be questioned further by the trial court and/or counsel to determine if actual bias or prejudice exists. Likewise, an initial response by a prospective juror to a broad or general question during *voir dire* will not, in and of itself, be sufficient to determine whether a bias or prejudice exists. In such a situation, further inquiry by the trial court is required. Nonetheless, the trial court should exercise caution that such further *voir dire* questions to a prospective juror should be couched in neutral language intended to elicit the prospective juror's true feelings, beliefs, and thoughts—and not in language that suggests a specific response, or otherwise seeks to rehabilitate the juror. Thereafter, the totality of the circumstances must be considered, and where there is a probability of bias the prospective juror must be removed from the panel by the trial court for cause." Syl. pt. 8, *State v. Newcomb*, 223 W Va. 843, 679 S.E.2d 674 (2009).

Benjamin, Justice:

The relator, Michael W. Parker, Prosecuting Attorney for Randolph County, seeks a writ of prohibition to prevent the Circuit Court of Randolph County from holding a new trial in the case of Derek S.[1], who was tried and convicted by a jury on eighty-one counts of several sexual offenses involving a minor female child.[2] Derek S. filed post-trial motions seeking a new trial, judgment of acquittal notwithstanding the jury verdict and arrest of judgment. By order entered September 14, 2014, the circuit court granted a new trial based upon the court's failure to strike a juror for cause. For the reasons stated herein, we determine that the circuit court abused its legitimate powers by granting the motion for a new trial, and we grant the writ.

## I. FACTUAL AND PROCEDURAL BACKGROUND

[1]Consistent with this Court's rules and procedures, initials are used in the place of the petitioner's last name so that the juvenile victim will not be identifiable. *See* W. Va. R. Appellate Procedure 40(e) (1).

[2] Throughout the petition for writ of prohibition, the State misstates the number of counts of conviction and the number of dismissed counts. The record reflects that Derek S. was convicted of twenty-seven counts of first degree sexual assault, twenty-seven counts of sexual abuse by a parent, guardian or custodian and twenty-seven counts of incest, for a total of eighty one counts of conviction, but the petition stated there were eighty-four counts of conviction. Also, the State submits that sixty-six of the original one hundred fifty counts were dismissed, but the record reflects that sixty-nine counts were dismissed.

1

Derek S. was indicted by the Randolph County grand jury on one hundred fifty counts of several sexual offenses involving a female relative whose age was less than twelve years. He was charged with fifty counts of first degree sexual assault, in violation of W. Va. Code §§ 61-8B-3(a)(2) (2006) and 61-8B-3(c); fifty counts of sexual abuse by a parent, guardian or custodian, in violation of W. Va. Code § 61-8B-5(a); and fifty counts of incest, in violation of W. Va. Code § 61-8-12(b). These offenses were alleged to have taken place over a one-year period between September of 2011 and August of 2012 and were based upon at least four sexual encounters between Derek S. and the child from September of 2011 through August of 2012. The State also alleged that there were two encounters in September of 2012, after which the child was removed from Derek S.'s home. The State moved to dismiss sixty-nine counts of the indictment shortly before the January 2014 trial for lack of evidence. The court granted that by order entered January 14, 2014.[3]

This case proceeded to trial before Judge Jaymie Godwin Wilfong in September of 2013. After approximately eleven hours of jury selection, a jury was empaneled. Once the trial began, two members of the jury were stricken for cause, resulting in the court declaring a mistrial upon the joint motion of the State and Derek S.'s counsel.

---

[3] *See supra*, note 1.

As an aid to selecting the jury for the second trial, and to accommodate counsel who was hearing impaired, the parties agreed to use a jury questionnaire. This questionnaire consisted of thirteen pages with sixty-nine questions. Each potential juror was requested to complete the questionnaire and verify, under the penalties for perjury, that the answers given were true and accurate. A majority of the panel completed this questionnaire prior to trial; the remaining members of the panel filled out their questionnaires on the first day of jury selection.

The jury questionnaires included, among other things, questions regarding whether each potential juror had pre-formulated an opinion as to the guilt or innocence of Derek S. and whether hearing testimony and evidence about sexual conduct would be troubling.

Jury selection commenced on February 18, 2014. Prior to any voir dire, the circuit court allowed the parties to challenge for cause potential jurors based upon the answers provided in the jury questionnaire. Derek S.'s counsel moved to strike a prospective juror, Shannon Bennett Campbell ("Juror Campbell"), for cause, based upon her answers to questions numbered 18, 58, and 59. Those questions and Juror Campbell's answers are:

> Question 18: Would the fact that [Derek S.] has been charged by police officers and indicted by a grand jury for

3

sexual offenses against his daughter lead you to believe that he might be guilty or not guilty of those charges?

Yes: ___x___          No_____

[Juror Campbell's handwritten comment:] It would lead me to believe there is a suspicion.

Question 58:  Have you personally formed an opinion about the Defendant [Derek S.]'s guilt or innocence as a result of anything you have heard, read or seen?

Yes: ___x___          No _____

[Juror Campbell's handwritten comment:] I try to presume innocence until found guilty, but when I read there were up to 50 counts, I know my thinking was that this person must have done something.

Question 59:  Do you have any strong feelings toward the Defendant [Derek S.] as a result of what you have heard, read or seen in the news media about the Defendant?"

[Juror Campbell's handwritten comment with an arrow pointing toward Question 58:]  Number 58 Answer explains my initial observation of case.

The following discussion ensued between the State, Derek S.'s counsel and the court regarding the motion to strike:

THE COURT:      Number five, Shannon Bennett.  She's married to a Campbell and her maiden name is Bennett.  And, I believe, she goes by both.

COUNSEL:        Judge, for 58 and 59, we would make a for cause strike. She also answered 18 and that would lead me to believe that there is a suspicion.  So she actually took it a little further than the question itself indicated.  But the major concern that we would have with this particular juror is that, if I can quote her, "I try to presume innocence until found guilty, but when I read that there were up to 50 counts I know

4

and my thinking was that this person must have done something." And then in 59, it basically referred to question 58.

THE COURT: Okay, Mr. Parker.

THE STATE: The State would object to a for cause strike on this one. She indicates in 18 that, I believe, the charge would lead her to believe there's a suspicion. Obviously, the charge would indicate that there is probable cause to believe that offense was committed after the grand jury has listened to the evidence. I think that this is one that potentially we could do some work on, as far as instructing and also further follow-up questions to see whether or not she truly has a bias that would preclude her from serving on the jury.

THE COURT: The motion, at this time, is denied. What we'll do is we will bring her back in for individual voir dire so that you can explore those issues and you can renew your motion if you want to.

The parties continued jury selection, including group and individual voir dire of prospective jurors. Notwithstanding the court's previous invitation, no additional questions were directed toward Juror Campbell. The parties exercised their peremptory strikes; Juror Campbell was not stricken by the State or Derek S. Juror Campbell was seated as an alternate juror, without objection being raised by Derek S. As the trial commenced, a previously empaneled regular juror was stricken and Campbell assumed that juror's position on the panel. No objection was made by Derek S. at the time Juror Campbell was placed on the jury as a regular member. The trial continued, resulting in a guilty verdict on a total of eighty-one counts of sexual offenses.

5

After his conviction, Derek S. filed motions for a new trial, judgment for acquittal notwithstanding the verdict, and arrest of judgment, which were heard by Judge Thomas H. Keadle on August 6, 2014. Among other grounds,[4] Derek S. argued that Juror Campbell should have been stricken for cause because of her answers to questions 18, 58 and 59 in the jury questionnaire.[5] Derek S. also argued that because Juror Campbell sent a post-trial thank you letter to the prosecuting attorney complimenting his performance, she should have been stricken for cause. The State refuted these allegations, arguing that the answers to the questionnaire were not proof of bias and that Derek S. had an opportunity to individually question Juror Campbell to explore whether she was biased and chose not to ask additional questions. Furthermore, the State argued that Derek S. did not object to the composition of the panel.

---

[4] During the pendency of the indictment, Judge Wilfong was the subject of judicial disciplinary proceedings that ultimately resulted in her suspension without pay for the remainder of her term in office. *See In re Wilfong*, 234 W. Va. 394, 765 S.E.2d 283 (2014). While the judicial disciplinary proceedings were pending, this Court disqualified Judge Wilfong from hearing any criminal matters. This Court appointed Judge Keadle and another senior status judge to preside over any criminal proceedings in Randolph County.

[5] Some of these additional grounds included the involvement of defense counsel in filing complaints against Judge Wilfong for misconduct; some of the remarks made by the State that Derek S. alleged violated his Fifth Amendment and state Constitution rights; failure to give a jury instruction on exculpatory evidence and other instructional error; and a witness' use of the "Finding Words" protocol. Derek S. also questioned the failure to strike another juror who worked for the State Police.

At a hearing held on August 2, 2014, Judge Keadle granted Derek S.'s motion for a new trial, finding that Juror Campbell's answers expressed bias against Derek S. and that she should have been stricken for cause. The court further found that Juror Campbell's bias against Derek S. was further reflected by the thank you note sent to the prosecuting attorney after the trial.

The State filed the instant petition for a writ of prohibition seeking to prevent the enforcement of the September 14, 2014, order of the circuit court granting Derek S. a new trial.

## II.  STANDARD OF REVIEW

In syllabus point 5 of *State v. Lewis*, 188 W. Va. 85, 422 S.E.2d 807 (1992), this Court concluded that under extraordinary circumstances, the State may seek a writ of prohibition to address an adverse ruling in a criminal matter.  We held:

> The State may seek a writ of prohibition in this Court in a criminal matter where the trial court has exceed or acted outside of its jurisdiction.  Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial.  Furthermore, the application for a writ of prohibition must be promptly presented.

*Id.*

7

The standard for granting a writ of prohibition is as follows:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

## III. ANALYSIS

At issue is whether the circuit court exceeded its jurisdiction in granting a new trial based upon Juror Campbell's alleged bias against Derek S., and if so, whether this rises to the level warranting the issuance of a writ of prohibition. While the matter before us is not an appeal of this conviction, we must be cognizant of our standard of review and requirements for the striking of potential jurors for cause. This Court's

8

standard of review upon appeal of the lower court's failure to strike a juror for cause has

been stated as follows:

> In reviewing the qualifications of a jury to serve in a criminal case, we follow a three-step process. Our review is plenary as to legal questions such as the statutory qualifications for jurors; clearly erroneous as to whether the facts support the grounds relief upon for the disqualification; and an abuse of discretion as the reasonableness of the procedure employed and the ruling on disqualification by the trial court.

*State v. Hughes*, 225 W. Va. 218, 226–227, 691 S.E.2d 813, 821–822 (2010) (citing *State*

*v. Miller*, 197 W. Va. 588, 600–01, 476 S.E.2d 547–48 (1996)). Furthermore, we

recognize that "[i]n a criminal case, the inquiry made of a jury on its voir dire is within

the sound discretion of the trial court and not subject to review, except when the

discretion is clearly abused." Syl. pt. 2, *State v. Beacraft*, 126 W. Va. 895, 30 S.E.2d 541

(1944).

The Court explored the issues of juror bias and disqualification in *State v.*

*Miller*, 197 W. Va. 588, 476 S.E.2d 535 (1997). A juror is considered to be biased where

"the juror had such a fixed opinion that he or she could not judge impartially the guilt of

the defendant." *Id.*, 197 W. Va. at 605, 476 S.E.2d at 552 (citations omitted). The test for

determining juror bias was set forth in Syllabus point 4 of *Miller* as follows:

> The relevant test for determining whether a juror is biased is whether the juror had such a fixed opinion that he or she could not judge impartially the guilt of the defendant. Even though a juror swears that he or she could set aside any opinion he or she might hold and decide the case on the

9

evidence, a juror's protestation of impartiality should not be credited if the other facts in the record indicate to the contrary.

Further, "[a]ctual bias can be shown either by a juror's own admission of bias or by proof of specific facts which show the juror has such prejudice or connection with the parties at trial that bias is presumed." Syl. pt. 5, *id.*

In terms of the burden of persuasion that a juror should be stricken for cause, we held in syllabus point 6 of *Miller* that

> [t]he challenging party bears the burden of persuading the trial court that the juror is partial and subject to being excused for cause[]. An appellate court only should interfere with a trial court's discretionary ruling on a juror's qualification to serve because of bias only when it is left with a clear and definite impression that a prospective juror would be unable faithfully and impartially to apply the law.

When examining a juror's statements for bias, those statements should be viewed on the whole, as opposed to being parsed.

> When considering whether to excuse a prospective juror for cause, a trial court is required to consider the totality of the circumstances and grounds relating to a potential request to excuse a prospective juror, to make a full inquiry to examine those circumstances and to resolve any doubts in favor of excusing the juror.

Syl. pt. 3, *O'Dell v. Miller*, 211 W. Va. 285, 565 S.E.2d 407 (2002). Further, "[i]f a prospective juror makes an inconclusive or vague statement during *voir dire* reflecting or

10

indicating the possibility of a disqualifying bias or prejudice, further probing into the facts and background related to such bias or prejudice is required." Syl. pt. 4, *id*. And, "[o]nce a prospective juror has made a clear statement during *voir dire* reflecting or indicating the presence of a disqualifying prejudice or bias, the prospective juror is disqualified as a matter of law and cannot be rehabilitated by subsequent questioning, later retractions, or promises to be fair. Syl. pt. 5, *id.*

In cases where the juror's responses are not clear, the court has certain duties. In syllabus point 8 of *State v. Newcomb*, 223 W. Va. 843, 679 S.E.2d 675 (2009), we held:

> When a prospective juror makes a clear statement of bias during *voir dire*, the prospective juror is automatically disqualified and must be removed from the jury panel for cause. However, when a juror makes an inconclusive or vague statement that only indicates the possibility of bias or prejudice, the prospective juror must be questioned further by the trial court and/or counsel to determine if actual bias or prejudice exists. Likewise, an initial response by a prospective juror to a broad or general question during voir dire will not, in and of itself, be sufficient to determine whether a bias or prejudice exists. In such a situation, further inquiry by the trial court is required. Nonetheless, the trial court should exercise caution that such further voir dire questions to a prospective juror should be couched in neutral language intended to elicit the prospective juror's true feelings, beliefs, and thoughts—and not in language that suggests a specific response, or otherwise seeks to rehabilitate the juror. Thereafter, the totality of the circumstances must be considered, and where there is a probability of bias the prospective juror must be removed from the panel by the trial court for cause.

11

The State does not argue that the circuit court was without authority to entertain the motion for new trial; instead, the State suggests that the court exceeded its authority when it granted a new trial. Pursuant to *Lewis*, *supra*, where the State claims that the trial court abused its legitimate powers, the State must demonstrate to this Court that the circuit court's action was so flagrant that the State has been deprived of a valid conviction. In this case, this burden is satisfied if the granting of a new trial was not warranted under the totality of the circumstances.

While Juror Campbell's answers to questions 18, 59 and 58 may well have given rise to a need for further inquiry, we do not agree with the circuit court's conclusion that her answers were enough, standing alone, to strike her for cause. The statements do not manifest a "clear and definite impression" that Juror Campbell would not be able to fairly and impartially apply the law. *See* syl. pt. 6, *Miller, supra.*

The facts of this case are similar to those in *State v. Hughes*, 225 W. Va. 218, 691 S.E.2d 813 (2010). In *Hughes*, the circuit court was asked to disqualify a juror who answered "yes" to the question of whether she believed that when someone is charged with a crime they are more likely than not to be guilty. The State asked additional questions based upon this juror's answer, and ultimately, the court concluded

12

that she should not be stricken for cause. The circuit court's ruling was affirmed by this Court. In syllabus point 5 of *Hughes*, we held:

> A prospective juror is not subject to removal for cause merely because he/she affirmatively answered a question which, in essence, asked whether the juror believes that a person is arrested or charged because there is probable cause that the person is guilty. To the extent that *State v. Griffin*, 211 W.Va. 508, 566 S.E.2d 645 (2002), holds otherwise, it is overruled.

As indicated above, although the circuit court gave defense counsel the opportunity to conduct individual voir dire of Juror Campbell, no further inquiry was made. Absent such inquiry, we do not believe that the totality of the circumstances establishes Juror Campbell should have been dismissed for cause. In deciding to the contrary, the circuit court has clearly erred as a matter of law.

Applying the five-point test of *Hoover, supra,* we find that the State does not have a right to appeal the order granting Derek S. a new trial. Therefore, it has no adequate means short of this writ to challenge enforcement of the order granting a new trial. Furthermore, the State will be deprived of the lawful conviction of Derek S. and forced to retry him if this writ is not granted. Additionally, as stated above, the lower court's granting of a new trial is clearly erroneous as a matter of law.

13

The fourth and fifth components of *Hoover* are related to whether the lower court's order represents an oft-repeated error, whether the order manifests persistent disregard to either procedural or substantive law, and whether new and important problems or issues of law are raised. We do not believe the circuit court's order falls within these factors. However, because of the clear legal error and lack of an appeal, as well as the deprivation of a lawful conviction, the weight of the other *Hoover* factors supports granting the writ of prohibition.

## IV. CONCLUSION

We conclude that the circuit court erred in finding that Juror Campbell should have been removed from the jury panel for cause. The circuit court's granting of a new trial on this basis was erroneous and has resulted in the State being deprived of a valid conviction. We therefore grant the requested writ of prohibition.

Writ granted.

14