# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Wanda Spencer,**
**Plaintiff Below, Petitioner**

**vs)  No. 14-0847** (Monongalia County 12-C-282)

**Benjamin R. Flint,**
**Defendant Below, Respondent**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Wanda Spencer, by counsel Jo Marie Pitrolo and George R. Higinbotham, appeals the Circuit Court of Monongalia County's Order Denying Plaintiff's Motion for New Trial, entered on July 23, 2014. Respondent Benjamin R. Flint, by counsel Melissa K. Stacy, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts

This appeal arises from the denial of petitioner's motion for a new trial following a defense verdict in the jury trial of her negligence suit against respondent. The evidence at trial revealed that on May 4, 2010, petitioner exited the passenger side of a vehicle parked in front of the Cashland Pawn Shop on Beechurst Avenue in Morgantown. Respondent exited the pawn shop and entered the driver's side of his vehicle. Both vehicles were facing the building and parked adjacent to one another. Petitioner alleged that as she stepped out of her vehicle, respondent negligently backed his truck in reverse and struck her on her right side, causing her to fall to the ground. Petitioner was transported to the hospital by ambulance and was diagnosed with a sprained wrist and ankle, a concussion, and post-traumatic occipital neuralgia. She alleged that her injuries resulted in medical bills totaling over $17,000. Her physician testified that her injuries were consistent with being struck by a vehicle.

Respondent denied liability. The testimony was that neither respondent nor his passenger saw or felt respondent's vehicle strike anyone or anything. However, at trial, respondent acknowledged that it was "possible" or "probable" that his vehicle struck petitioner. Respondent testified that his attention was focused on backing out of his space, which abutted Beechurst Avenue, a busy street. After respondent backed onto Beechurst Avenue, he noticed petitioner on

1

the ground, parked his truck, and approached her. Petitioner told respondent, "You clipped me." In addition, petitioner's passenger allegedly told respondent that he struck petitioner. Respondent asked his passenger to call 911, and they waited for police and EMS to arrive. At trial, respondent's defense hinged on the fact that no one saw him strike petitioner. Secondarily, respondent argued that, even if he did strike petitioner, he committed no negligence because he was acting as any reasonably prudent person would have acted under the circumstances, i.e., checking his surroundings and focusing on safely backing onto Beechurst Avenue.

One of petitioner's grounds for the present appeal is that the jury panel should have been stricken for cause because of bias. She states that there were only fourteen potential jurors present for jury selection on the first day of trial. With the approval of the circuit court, petitioner's counsel utilized a method of voir dire questioning in which he asked each potential juror to rank their answer or opinion to various statements on a scale of one ("strongly agree") to five ("strongly disagree"). Petitioner's counsel asked general questions relating to whether a pedestrian or a driver has more responsibility for safety; sitting in judgment of others; bringing cases to court to resolve disputes; frivolous claims; frivolous defenses; and whether it is too easy for a claimant to win his or her case.

Following those questions, petitioner's counsel asked the following question: "Now, at the end of this trial we're going to ask for a fairly substantial sum and some folks believe they could never award a substantial sum unless the case is proved beyond a reasonable doubt. . . . How many are number one [strongly agree]?" Ten of the fourteen potential jurors indicated that they strongly agreed with petitioner's counsel's statement.[1]

At the end of voir dire, petitioner's counsel approached the bench and moved to strike the jury panel for cause as their answers showed a bias and unwillingness to follow the applicable law with respect to petitioner's burden of proof. Respondent's counsel expressed her reservations about the jury panel "in terms of what happens with this case after the verdict." However, respondent's counsel advised the court that, based on the court's own questions, she believed the jury could hear the evidence and follow the law. The circuit court denied petitioner's motion to

---

[1] Specifically, in follow-up questioning, Juror Bartlett indicated that no one "could persuade her differently" and "[t]o give a large sum of money, I would have to know beyond a reasonable doubt this is what occurred." Jurors Bartlett, Thomas, Cox, Savage, and Ayers indicated that they would have to be convinced beyond a reasonable doubt, even if the Judge would say that reasonable doubt is not the correct standard. Juror Ayers answered, "Exactly," when asked, "The Judge couldn't change your mind?" Juror Claudio stated that no matter what the judge said, he could not come back with a substantial sum, unless it is proved beyond a reasonable doubt. Juror Claudio further stated, "I just think there's too many frivolous lawsuits." Jurors Dotson, Sawyer, and Vac indicated that they were a two on counsel's scale. Jurors Carnaggio and Michael indicted that they were between an one and two on counsel's scale. Juror McLead stated he was a one. Juror Perella stated that she would probably be swayed by the judge's input, but "there's no need to put financial hardship on somebody if there's any doubt." Juror Phipps stated he was between two and three, but would "trust the judge's interpretation." Juror Fedan stated that, although she did not know what number to assign her answer, she would "follow the judge's instructions."

strike the jury for cause and the parties proceeded with their peremptory strikes. Petitioner struck Jurors Bartlett, Claudio, and McClead. Respondent struck Jurors Sawyer, Thomas, and Phipps. Therefore, the jury consisted of Jurors Ayers, Cox, Dotson, Fedan, Savage, and Vac. Jurors Perella and Carnaggio sat as alternates. Of the six jurors who heard the testimony, four had expressed their belief in voir dire that petitioner must have proof beyond a reasonable doubt to obtain substantial damages.

After three days of trial, the jury deliberated for several hours and returned a verdict finding that respondent was not negligent. Petitioner filed a motion for a new trial, arguing (1) that the circuit court erred by not striking the entire jury panel for cause as their answers in voir dire demonstrated clear bias and an unwillingness to follow the law, and (2) the court erred in its charge to the jury that incorrectly stated the duty owed by a driver to a pedestrian. By order entered July 23, 2014, the circuit court denied petitioner's motion for a new trial. The court rejected petitioner's argument that there was instructional error. With respect to juror's alleged bias, the circuit court ruled that

> [t]he confusion and misconceptions on the part of the panel were invited by the misleading nature and posture of the questions on the part of Plaintiff's counsel. Importantly, the jury did not find the Defendant liable; therefore, it did not reach the point of considering damages. Consequently, there is no basis for a new trial.

Petitioner now appeals to this Court.

**Discussion**

The circuit court's ruling on a motion for a new trial is reviewed under an abuse of discretion standard. *See Tennant v. Marion Health Care Foundation, Inc.,* 194 W.Va. 97, 459 S.E.2d 374 (1995). On appeal, petitioner raises two assignments of error. First, she argues that the circuit court erred in denying her motion to strike the entire jury panel for cause as the panel's answers to voir dire clearly demonstrated that they could not follow the law in a civil matter and that they were clearly biased and prejudiced. Petitioner contends that in response to counsel's voir dire questions, the jury panel clearly demonstrated bias. In Syllabus Point 4 of *State v. Miller,* 197 W.Va. 588, 476 S.E.2d 535 (1996), we held that

> The relevant test for determining whether a juror is biased is whether the juror had such a fixed opinion that he or she could not judge impartially the guilt of the defendant. Even though a juror swears that he or she could set aside any opinion he or she might hold and decide the case on the evidence, a juror's protestation of impartiality should not be credited if the other facts in the record indicate to the contrary.

Petitioner notes that ten of the fourteen jury panel members admitted a bias against the law in a negligence case, and four of them ended up on the jury. This Court has long held that trial courts must resolve any doubt of possible bias or prejudice in favor of the party seeking to strike for cause. *See O'Dell v. Miller,* 211 W.Va. 285, 565 S.E.2d 407 (2002). Petitioner argues that even defense counsel had reservations about the jury's bias.

Upon our review of the record, we reject petitioner's argument for two distinct reasons. First, petitioner's counsel clearly contributed the apparent confusion in the minds of the jury panel by interjecting the incorrect "beyond a reasonable doubt" into his voir dire questioning.[2] Importantly, following voir dire, the court made a follow-up inquiry of the jury panel with respect to their willingness to follow the law as instructed. The court explained that it is the role of the court to instruct the jury as to the law that would govern the case and asked the panel if they would follow the law as instructed. The jury unanimously responded that they would follow the law as the court instructed. Considering the totality of the circumstances, the panel's answers in voir dire regarding the burden of proof to award substantial damages were based on a misunderstanding of the law caused by petitioner's own counsel, rather than a disqualifying bias or prejudice.

The second, and perhaps more important, reason for rejecting petitioner's first assignment of error is that the jury returned a verdict finding that respondent was not negligent; the jury never reached the question of whether to award damages, substantial or otherwise. Therefore, assuming for the sake of argument that the jury suffered from an actual misunderstanding or bias with respect to the standard for awarding "substantial" damages, such a standard never came into play, and therefore, does not warrant a new trial. *See Kessee v. General Refuse Service, Inc.,* 216 W.Va. 199, 604 S.E.2d 449 (2004) (holding that the circuit court's error in permitting the defendant in a deliberate intent action to introduce evidence that the plaintiff's beneficiary received social security benefits as a result of her husband's death, in violation of the collateral source rule, did not warrant setting aside the jury verdict for the defendant because the jury found against the plaintiff on liability and never reached the issue of damages.)

Petitioner's final assignment of error is that the circuit court erred by refusing petitioner's instructions, and by giving certain jury instructions because there is no West Virginia precedent concerning the duties owed by a driver of an automobile to a pedestrian in a parking lot. We review the refusal to give a requested jury instruction under an abuse of discretion standard. Syl. Pt. 1, *State v. Hinkle,* 200 W.Va. 280, 489 S.E.2d 257 (1996).

The crux of petitioner's argument centers on the circuit court's refusal give petitioner's instruction no. 2, which was based on a Colorado case,[3] and read as follows:

> The Court instructs the jury that a driver backing from private property such as a parking lot into a public street requires the driver to look out for other vehicles or pedestrians and to refrain from backing the vehicle until it is clear and he or she may execute the maneuver without injuring other persons.

---

[2] The trial transcript also reveals that petitioner's unorthodox voir dire method caused substantial confusion by the jury panel. In addition to the jury panel, at times, even petitioner's own counsel lost track of whether a "one" on his scale represented a "strongly agree" or "strongly disagree" with counsel's statement.

[3] *McBride v. Woods,* 238 P.2d 183 (Colo. 1951).

4

The circuit court gave respondent's instruction no. 7 instead, which was based on *Jackson v. Cockill,* 149 W.Va. 78, 138 S.E.2d 710 (1964), and read:

> A pedestrian has a duty to exercise ordinary care and prudence and to keep a careful lookout for vehicles. Specifically, it is the duty of a pedestrian to use her eyes and protect herself against impending danger from vehicles. If she does not do so when she has the opportunity, she may be guilty of comparative negligence. One cannot in reckless disregard for her own safety put herself in a position where she would be struck by an automobile.

Petitioner contends that respondent's instruction no. 7 failed to specifically instruct on the duty of a driver in a parking lot, but rather was based on the duty of a pedestrian crossing a highway. Petitioner concedes that there is no controlling law in West Virginia concerning the duties of pedestrians and drivers in a parking lot. Without controlling authority, petitioner argues that a driver in a parking lot owes a higher duty to a pedestrian than that which is owed to a pedestrian on a highway. Under the current state of the law in our State, it was not an abuse of discretion for the circuit court to refuse to place a heightened duty on respondent because he was backing out of parking lot. The duty of reasonable care applies. Accordingly, we find no error in the circuit court's instructions in this case.

For the foregoing reasons, we affirm the denial of petitioner's motion for a new trial.

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis